LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

DAVID BUCHANAN,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

    Plaintiff,

v.

PAY-O-MATIC CHECK CASHING CORP.,
and THE PAY-O-MATIC CORP.,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

---

    Plaintiff, DAVID BUCHANAN ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, PAY-O-MATIC CHECK CASHING CORP. and THE PAY-O-MATIC CORP. (collectively, "Defendants"), and states as follows:

## INTRODUCTION

    1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages and (3) attorneys' fees and costs.

1

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, DAVID BUCHANAN, is a resident of Kings County, New York.

6. Defendant PAY-O-MATIC CHECK CASHING CORP. is a domestic business corporation organized under the laws of the State of New York with its principal corporate office and address for service of process located in Nassau County, NY, at 160 Oak Dr., Syosset, NY 11791.

7. Defendant THE PAY-O-MATIC CORP. is a domestic business corporation organized under the laws of the State of New York with its principal corporate office and address for service of process located in Nassau County, NY, at 160 Oak Dr., Syosset, NY 11791.

8. Defendants own and operate a check cashing enterprise comprised of approximately 150 stores operating under the common trade name "Pay-O-Matic" located throughout the New York City metropolitan area. *See* **EXHIBIT A** (List of Pay-O-Matic Locations). Each Pay-O-Matic store operated by Defendants offers a number of financial services for customers including but not limited to check cashing, commercial check cashing, facilitation of money orders, and money transfer.

9. Defendants operate the Pay-O-Matic stores as a single integrated enterprise. They are engaged in related activities, share common ownership, and have a common business purpose. Specific facts supporting the assertion that Defendants operate as a single integrated enterprise are as follows:

   a. All of the Pay-O-Matic stores are owned by Defendants and controlled by Defendants' senior corporate officers.

   b. All Pay-O-Matic stores share a common logo, pricing scheme, marketing, offer the same services, share a common look and feel, and are advertised together as a common enterprise on Defendants' website (www.payomatic.com). The locations of all the stores are accessible by clicking a link on Defendants' website labeled "Store Locator".

   c. Job applicants can apply to any job opening at any one of the Pay-O-Matic stores through Defendants' website.

   d. All of the Pay-O-Matic stores offer Western Union money transfer services to customers, pursuant to a contract between Defendants and Western Union.

   e. Currency was transported between the Pay-O-Matic stores and between the Pay-O-Matic stores and banks by armored trucks operated by Rapid Armored Corp., a wholly owned subsidiary of Defendant THE PAY-O-MATIC CORP.

   f. Supplies and provisions are delivered to each of Defendants' stores by the same delivery service.

   g. Non-exempt employees are interchangeable between stores and frequently transferred by Defendants between stores to work on an as-needed basis. For example, Defendants transferred Plaintiff DAVID BUCHANAN from their

3

    Pay-O-Matic store at 263 Saratoga Avenue, Brooklyn, NY 11233 to their Pay-O-Matic Store at 1294 Fulton Street, Brooklyn, NY 11216 in 2011.

 h. Defendants' Pay-O-Matic Stores maintain centralized labor relations and a single payroll system for employees at all facilities. Defendants' policies with respect to employee compensation at all the Pay-O-Matic stores are formulated and instituted by Defendants' centralized human resources department.

10. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

13. Because all of Defendants' Pay-O-Matic stores share identical illegal wage and hour policies, Plaintiff's claims are properly asserted as to all of the Pay-O-Matic stores on the basis of their outstanding liability to the Class members whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action against Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all employees misclassified by Defendants as exempt under the FLSA exemption for executive or managerial employees (including, but not limited to, all employees holding the titles "manager", "shift manager," "store manager," "assistant manager," and "security supervisor") employed at the Pay-O-Matic stores on

4

or after the date that is six (6) years prior to the filing of the initial Complaint ("FLSA Collective Plaintiffs").

15. The FLSA overtime exemption for executive or managerial employees is inapplicable to Plaintiff or to FLSA Collective Plaintiffs. Under such exemption, employers are not required to pay overtime premium of time and one-half to any individual "employed in a bona fide executive, administrative or professional capacity." The applicable FLSA provisions and United States Department of Labor regulations provide that this exemption applies to only to an employee: (1) compensated on a salary basis at a rate not less than $455 per week; (2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) who customarily directs the work of two or more other employees; and (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight. 29 C.F.R. Section 541.100(a). Based on Plaintiff's personal observations and conversations with other non-exempt sales employees, neither he nor other FLSA Collective Plaintiffs directed the work of, or had authority over any other employees of Defendant, and did not have the power to change the scheduled hours or wages of, or to hire and fire, or any influence such that they could change the employment status of any other employee of Defendants.

16. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages for overtime hours at the rate of one and one half times the regular rate for work in excess

of forty (40) hours per workweek due to the improper classification of non-exempt employees as exempt. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all employees misclassified by Defendants as exempt under the NYLL exemption for executive or managerial employees (including, but not limited to, all employees holding the titles "manager", "shift manager," "store manager," "assistant manager," and "security supervisor") at the Pay-O-Matic stores on or after the date that is six (6) years prior to the filing of the initial Complaint (the "Class").

19. Plaintiff and other Class members are not exempt from overtime under the NYLL executive/managerial exemption. Their primary duties were not related to management or general business operations. They were not permitted to exercise discretion or independent judgment with respect to matters of significance, and were subject to direct control and supervision of Defendants at all times. Defendants determined and controlled work hours a of Plaintiff and other Class members as well as their method, details and means of performing services for Defendants. Plaintiff and other Class members lacked the ability to set employee schedules, adjust employee

compensation, hire and fire any other employees, or to recommend that any particular employee be hired or fired.

20. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate policies and practices of Defendants, all culminating in a willful failure and refusal to pay them proper wages for overtime hours at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek due to the improper classification of non-exempt employees as exempt. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the country violate the New York Labor Law and applicable state laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law and applicable state laws;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

   d) Whether Defendants failed to pay Plaintiff and the Class members the full and proper overtime compensation to which they were entitled for hours worked over forty (40) per workweek;

   e) Whether Defendants misclassified Class members as exempt from overtime;

   f) Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law and applicable state laws; and

    g) Whether Defendants provided proper wage and hour notice to employees, including all information required under the New York Labor Law.

## STATEMENT OF FACTS

27.    In 1997, Plaintiff DAVID BUCHANAN was hired by C.L.B. Check Cashing, which was integrated into Defendants' Pay-O-Matic check cashing business in 2008. From 2011 until the termination of his employment on or about September 26, 2016, Plaintiff worked for Defendants at the Pay-O-Matic store located at 1294 Fulton Street, Brooklyn, NY 11216. Even though Plaintiff's job title was "manager", Plaintiff was never exempt from the overtime requirements of the FLSA or NYLL under the exemption for executive and managerial employees.

28.    From prior to 2012 until the end of Plaintiff's employment on or about September 26, 2016, Defendants issued weekly schedules which stated that Plaintiff worked 40 hours per week, pursuant to the following schedule: 8 AM until 4:30 PM, three days per week, and 10:30 AM until 7 PM, two days per week, with a 30 minute long lunch break each day. However, such schedules issued by Defendants were fraudulent, and did not accurately reflect Plaintiff's schedule, or the number of hours he actually worked. In addition to the 40 hours Plaintiff was scheduled to work each week, Defendants also required Plaintiff to work between 5 and 15 unscheduled hours each workweek, as follows:

    a. Each work day, Plaintiff was required to work past the time his shift was scheduled to end to ensure that the amount of cash in-store was correct. This resulted in approximately 30 minutes to 1 hour of additional work time each day.

    b. Defendants automatically deducted 30 minutes each day from Plaintiff's compensated hours based on a purported 30 minute lunch break, even though Plaintiff was required to work through his shifts without taking any breaks.

    c. Approximately once per month, Plaintiff was required by Defendants to work an additional weekly shift approximately 9-10 hours in duration, on a day that he would ordinarily be off from work.

In total, Plaintiff worked approximately 45-55 hours each week.

    29.    Defendants similarly issued fraudulent weekly schedules to FLSA Collective Members and Class Members misstating their weekly working hours as 40 or fewer. However, like Plaintiff, other FLSA Collective Members and Class Members were actually required to work in excess of 40 hours each workweek. Based on Plaintiff's observations, and his conversations with other employees of Pay-O-Matic, the actual weekly working hours of FLSA Collective Plaintiffs and Class Members regularly exceeded 40 because they were required by Defendants to work additional hours not reflected on the schedules (i) after the official conclusion of their shifts, (ii) during their purported lunch breaks, and (iii) were also required to work additional unscheduled shifts on days that they were usually off work.

    30.    At all relevant times, Defendants paid Plaintiff a fixed weekly salary, even though there was never any agreement that such fixed weekly salary covered the overtime hours in excess of 40 he was required to work each week:

    a. From prior to 2012 until approximately February 2016, Plaintiff was paid a fixed salary of $982.69 per week.

b. Then, from approximately February 2016 until the end of Plaintiff's employment on approximately September 26, 2016, Plaintiff was paid a fixed salary of $1040 per week.

31. FLSA Collective Plaintiffs and Class Members were similarly compensated at fixed weekly rates, even though they never agreed that the fixed weekly salaries that they received would cover the overtime hours in excess of 40 that they were required to work each week.

32. Plaintiff, FLSA Collective Plaintiffs, and Class Members were improperly misclassified by Defendants as exempt under the executive and managerial FLSA and NYLL exemptions.

33. Defendants deliberately gave Plaintiff the misleading title of "manager" in an attempt to support their misclassification of him as exempt from overtime, even though Plaintiff's duties did not pertain to the management or administration of the Pay-O-Matic store that he worked in or any other subdivision of the Pay-O-Matic business. At all relevant times, Plaintiff's duties (which included counting the cash in the store and interacting with customers) were largely ministerial in nature. Defendants never permitted Plaintiff to exercise discretion or independent judgment with respect to matters of significance. All such decisions were taken by senior officials of Defendants, who did not solicit Plaintiff's input. Further, Plaintiff was subject to the direct control and supervision of Defendants at all times.

34. Likewise, other FLSA Collective Plaintiffs and Class Members bestowed with misleading titles including, but not limited to "manager," "shift manager", and "assistant manager", and "security supervisor", actually had no authority to manage the Pay-O-Matic business or any particular Pay-O-Matic store, were under the direct control and supervision of

Defendants and senior executives of Pay-O-Matic, and were not authorized by Defendants to make any significant decisions.

35. The above-referenced titles bestowed on Plaintiff, FLSA Collective Plaintiffs and Class Members suggested that they (i) had the authority to materially alter the employment conditions of other employees by changing their schedules and/or wages, and (ii) had the authority to hire and fire employees, or at least the power to make binding recommendations as to the hiring and firing of employees. In reality, Plaintiff, FLSA Collective Plaintiffs, and Class Members lacked the authority to alter the hours or wages of other employees, or to hire or fire other employees.

36. Defendants' senior officials and human resources personnel maintained total control over employee working hours and wages. Based on Plaintiff's personal observations and experiences, and his conversations with other employees of Pay-O-Matic, Plaintiff, FLSA Collective Plaintiffs, and Class Members were not involved in the decision-making processes behind changes in scheduling or raises in any way. In fact, senior officers of Pay-O-Matic and members of the Pay-O-Matic human resources department would not even inform Plaintiff of changes in scheduling at the store he worked at prior to implementing them.

37. Based on Plaintiff's personal observations, and his conversations with other employees of Pay-O-Matic, Defendants' senior officials and human resources personnel also maintained total control over hiring and firing of employees, and did not permit Plaintiff, FLSA Collective Plaintiffs, or Class Members to influence the hiring or firing processes in any way. Plaintiff, FLSA Collective Plaintiffs, and Class Members lacked the ability to hire and fire any other employees, or to otherwise influence the recruitment or termination of employees at Pay-O-Matic in any way.

38. During Plaintiff's employment by Defendants, Defendants never provided him with wage statements compliant with the requirements of the NYLL. The wage statements provided to Plaintiff did not state his hours worked. Similarly, the wage statements provided to Class Members did not state hours worked, in violation of the NYLL.

39. During Plaintiff's employment by Defendants, Defendants never provided him with wage and hour notices annually or upon changes in pay rate as required under the NYLL. Similarly, Class Members were never provided with wage and hour notices annually or upon changes in pay rate, in violation of the NYLL.

40. Based on Plaintiff's personal observations and conversations with other employees at Pay-O-Matic, other employees misclassified by Defendants as exempt under the FLSA and NYLL exemptions for executive or managerial employees (including, but not limited to, all employees holding the titles "manager", "shift manager," "store manager," "assistant manager," and "security supervisor") at the Pay-O-Matic stores had similar work hours that regularly exceeded forty (40) per week, and similarly suffered from common policies and practices that failed to pay proper overtime wages. FLSA Collective Plaintiffs and Class members were not paid for their overtime, and were instead paid a fixed weekly salary, regardless of overtime hours worked.

41. To the extent that Defendants raise an affirmative defense that Plaintiff, FLSA Collective Plaintiffs or Class Members were not entitled to overtime compensation because they were exempt, such employees were misclassified because they did not meet the exemption requirements under the FLSA or NYLL. Therefore, Plaintiff, FLSA Collective Plaintiffs and Class members were entitled to overtime compensation (at an overtime rate of one-and-one-half

of the regular rate) for all hours worked in excess of forty (40) per week. Defendants were not permitted to evade overtime payment by paying the employees a fixed salary.

42. Defendants knowingly and willfully operated their business with a policy of not paying employees for all overtime hours, in violation of the FLSA and New York Labor Law.

43. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members as required under the New York Labor Law. The wage statements provided to Plaintiff and Class Members did not state the number of hours worked.

44. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class Members as required under the New York Labor Law.

45. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this First Amended Class and Collective Action Complaint as if fully set forth herein.

47. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

49. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

50. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of one and one-half times the regular pay rate for each hour worked in excess of forty (40) hours in a workweek.

51. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

53. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

56. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

57. Plaintiff realleges and reavers Paragraphs 1 through 56 of this Class and Collective Action Complaint as if fully set forth herein.

58. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

59. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all overtime hours worked at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

60. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

61. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees pursuant to the requirements of the New York Labor Law.

62. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime compensation, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and NYLL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the NYLL;

f. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representative of the Class; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 9, 2018					Respectfully submitted,

							LEE LITIGATION GROUP, PLLC
							C.K. Lee (CL 4086)
							Anne Seelig (AS 1976)
							30 East 39th Street, Second Floor
							New York, NY 10016
							Tel.: 212-465-1188
							Fax: 212-465-1181
							*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

					By:	 /s/ C.K. Lee
							C.K. Lee (CL 4086)