# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
ckl ee@leelitigation.com

January 10, 2019

**Via ECF**

The Honorable Joseph F. Bianco, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

The Honorable Gary R. Brown, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:   *Buchanan, et al. v. Pay-O-Matic Check Cashing Corp., et al.*
>        Case No. 2:18 CV 885 (JFB) (GRB)

Dear Judges Bianco and Brown:

We represent Plaintiffs in the above-captioned case. This letter is respectfully submitted to notify Your Honors that, unfortunately, despite Plaintiffs' good-faith efforts to work with Defendants and negotiate a settlement for themselves, members of the certified FLSA collective action, and putative Rule 23 Class Members during a mediation session at JAMS earlier today, no resolution was reached.

Following the conclusion of today's mediation (which was scheduled to run for a full day but concluded prematurely after approximately three (3) hours because of Defendants' refusal to participate in the mediation process), Plaintiffs' counsel (the undersigned, with Taimur Alamgir, my associate) attempted to confer with Defendants' counsel (Miriam R. Schindel, who has not filed a notice of appearance, and Albert J. Millus, Jr.) regarding the issues set forth below, in an effort to avoid motion practice and escalation of fees on both sides. However, Defendants' counsel refused to meet and confer. They instead threatened to engage in unjustified motion practice against us and, in the case of Ms. Schindel, angrily stormed out of the room to avoid conferring.

In view of the foregoing, Plaintiffs respectfully requests that Your Honors grant the following requests for relief, or, alternatively, convene pre-motion conferences in connection with the following requests.

**Defendants' Counsel Should Be Ordered To Confer With Us No Later Than January 14, 2019 Regarding the Form of Notices To Be Disseminated To Putative Collective Members**

This case was certified conditionally as a FLSA collective action pursuant to Judge Bianco's Order dated July 23, 2018. *See* Dkt. No. 38. Under the same order, the parties were

required to confer regarding the form of notice to be distributed to collective members. *Id*. Defendants have had ample opportunity over the past several months to review and consider Plaintiffs' proposed notice (which was filed with Plaintiffs' motion papers, *see* Dkt. No. 24, **EXHIBIT I**). However, to date, Defendants have not made any counter-proposal to our proposed notice or otherwise given us any input. As described above, Defendants unjustifiably refused to confer regarding this issue today. Defendants should be compelled to meet and confer with us, no later than January 10, 2019, regarding the proposed notice to be mailed to collective members. Should Defendants fail to do so, to avoid further delay, Plaintiffs respectfully request that the proposed notice be So Ordered in the form submitted previously.

**The Court Should Order Defendants To Produce Contact Information For Collective Action Members No Later Than January 14, 2019**

To allow Plaintiffs to promptly disseminate notice of this action to members of the putative collective action, the Court should order Defendants to produce a listing of contact information for all putative opt-in claimants[1] by January 14, 2019. Such listing should specify the names, social security numbers, titles, compensation rates, employment dates, mailing addresses, email addresses, and telephone numbers of putative opt-ins.

**The Court Should Grant Tolling Of The Statutes of Limitations for FLSA Claims Of Putative Opt-In Claimants From June 4, 2018**

As Defendants informed Your Honors by letter dated August 2, 2018, *see* Dkt. No. 40, the parties have agreed to toll the statutes of limitations for the FLSA claims of all collective action plaintiffs. Pursuant to the parties' agreement regarding tolling, the length of the tolling period was left to the Court's discretion. *Id.* Equitable tolling from June 4, 2018 (the date that Plaintiffs' FLSA § 216(b) motion was filed) is necessary here to avoid prejudice to putative opt-in claimants resulting from the nearly six-month long period between Judge Bianco's decision on conditional collective certification and the mediation.

The need for equitable tolling here is clear as that today's mediation was originally scheduled for early November 2018, but was subsequently delayed on two separate occasions, both times at Defendants' behest. Those putative opt-ins with FLSA claims that have expired in the interim should not be barred from asserting their FLSA claims on account of repeated delays instigated by Defendants. At the very least, equitable tolling as of the July 23, 2018, the date Plaintiff's collective certification motion was granted, is warranted.

**The Court Should Order Defendants To Provide Class Discovery No Later Than January 31, 2019**

We have already submitted a letter-motion to Judge Brown requesting an order compelling production of class-wide discovery. *See* Dkt. No. 28 (filed on June 19, 2018). We respectfully incorporate such letter-motion here by reference, and request that Defendants be ordered to

---

[1] Including all store managers paid on a fixed salary basis at the Pay-O-Matic stores from February 9, 2012 until the present ("Fixed Salary Subclass Members"), and all other non-exempt employees (including all customer service representatives, assistant managers, and store managers paid on an hourly basis of the Pay-O-Matic stores from February 9, 2012 until the present.

provide the complete class discovery materials sought there no later than January 31, 2019, in the interest of avoiding further unnecessary delay.

**The Court Should Order Defendants To Provide E-Discovery Materials Responsive to Plaintiffs' Demand For Same By No Later Than January 31, 2019**

Plaintiffs requested in their discovery demands that Defendants provide all email communications held by particular custodians[2] responsive to certain specified search terms. See **EXHIBIT A**, Request for E-Discovery. To date, no emails responsive to this request have been provided. Prior to the scheduling of the mediation, defense counsel complained to us that performing e-discovery would pose an undue burden. However, the e-discovery search protocol described above is "merely the typical process for a corporation responding to document requests," *Kenyon v. Simon & Schuster, Inc*., 2016 U.S. Dist. LEXIS 140917, at *13 (S.D.N.Y. Oct. 11, 2016), and therefore, contrary to the claims of opposing counsel, cannot be considered an undue burden.

We are mindful that "the best solution in the entire area of electronic discovery is cooperation among counsel." *William A. Gross Constr. Assocs. v. Am. Mfrs. Mut. Ins. Co*., 256 F.R.D. 134, 136 (S.D.N.Y. 2009) (Peck, M.J.). To the extent that Defendants' objection is directed to Plaintiff's proposed search terms (rather than to e-discovery as a whole), Defendants should (at the very least) be required to provide Plaintiffs a hit count for each of the specified search terms by January 31, 2019, to facilitate productive discussions regarding the parameters of e-discovery.

**The Court Should Order Defendants To Produce Rule 30(b)(6) Corporate Representatives And Other Noticed Witnesses For Depositions No Later Than February 28, 2019**

Plaintiffs noticed the depositions of the named Defendants (through representatives designated under Rule 30(b)(6)) and eight (8) Pay-O-Matic officials. *See* **EXHIBIT B**, Deposition Notices. As of this date, however, Defendants have not confirmed dates for the depositions.

As discussed, Defendants rebuffed our efforts earlier today to confer regarding the deposition schedule (as with the other issues raised by this letter). Defendants' refusal to even confer regarding the scheduling of depositions today was particularly unreasonable as at least two (2) of the individuals noticed - James Shreero and Regan Ramsumair[3] who are respectively Pay-O-Matic's Chief Financial Officer and VP of Human Resources - were still on site following the conclusion of the failed mediation, and thus could easily have provided us convenient dates.

To avoid further unnecessary delay, we respectfully request that Your Honors order that, by January 18, 2019, Defendants are required to provide the availability during February of all witnesses noticed by Plaintiff for depositions.

---

[2] Including the following Pay-O-Matic officials: Jay Guskind (Chief Executive Officer), James Shreero (Chief Financial Officer), Regan Ramsumair (VP of HR and Training), Marta Polaniec (Senior Product Manager), Chris Barone (Regional Vice President), Wendell Balkaran (District Manager), Carlos Rodriguez (District Manager), Johanna Alvara (District Manager), and all other District Managers and HR Managers from 2012 to the present. Plaintiffs reserve the rights to name additional custodians and to revise this list.

[3] Defendants' counsel also identified Mr. Ramsumair as the likely 30(b)(6) representative for Defendants.

We thank the Court for considering this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: Defendants via ECF