# Lee Litigation Group, PLLC

30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1124
                   taimur@leelitigation.com

February 8, 2019

**Via ECF**
The Honorable Gary R. Brown, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:   *Buchanan, et al. v. Pay-O-Matic Check Cashing Corp., et al.*
>       <u>Case No. 2:18-CV-885 (JFB) (GRB)</u>

Dear Judge Brown:

Pursuant to Your Honor's Order dated January 29, 2019, the parties (Taimur Alamgir for Plaintiffs, Miriam Schindel and Albert Millus for Defendants) met and conferred via telephone yesterday regarding outstanding disputes between the parties relating to discovery and conditional collective certification.

Presented below are the parties' resolutions as to said issues and (where applicable) remaining points of disagreement.

## 1. *<u>Form of Notice To Collective Action Members</u>*

<u>Plaintiffs</u>: During yesterday's meet-and-confer call, defense counsel advised us that they objected to Plaintiffs' proposed form of notice to putative collective action members. While Plaintiffs' counsel expressed willingness to negotiate a mutually acceptable form of notice in good-faith, no progress was made as to this issue. This was because Defendants' counsel refused to specify with any particularity the basis for all but one aspect of their across-the-board opposition to the notice we proposed, citing their intended motion to disqualify us as class counsel.

Defendants' resistance to telling us why they oppose our proposed collective action notice during the conferral was unjustified, given that Your Honor's January 29, 2019 Order required the parties to confer substantively regarding this issue (among the others presented at Dkt. No. 43), and said order was never stayed, and given that (for numerous reasons, some of which are listed in Plaintiffs' letter at Dkt. No. 55), there is no valid basis for Defendants' position that their prospective disqualification motion, in the event that it is granted, will operate to circumvent Judge Bianco's Order certifying the matter as a collective action, which was issued six months ago (Defendants were unable to provide a viable explanation for why this would be the case during the meet-and-confer call).

In view of Defendants' unreasonable refusal to confer regarding outstanding issues in relation to the notice, in contravention of Your Honor's prior order, <u>Plaintiffs respectfully request</u>

<u>that the Court order Defendants to immediately contact us for a *substantive* meet-and-confer regarding disputes over the form of the proposed notice</u> (apart from that addressed in the following paragraph).

The only substantive disagreement with our proposed notice that Defendants deigned to address during the call was the issue of how long the collective notice period should run. Defendants' counsel claimed, without citing to any authority, that distribution of the notice to employees over only a two-year period was appropriate.

As Plaintiffs' undersigned counsel explained during the call, Plaintiffs' position is that, taking into account the contemporaneous pendency of claims under the NYLL with the FLSA claims certified as a collective action here, in the interest of efficiency, and in accordance with prior decisions of Judge Bianco, who granted the conditional certification motion, <u>a six-year notice period should apply</u>. *See, e.g., Cano v. Four M Food Corp.*, No. 08-CV-3005 (JFB) (AKT), 2009 U.S. Dist. LEXIS 7780, at *30 (E.D.N.Y. Feb. 3, 2009) ("this Court finds it prudent and expedient in this case to allow a six-year period to apply, even if some recipients of the notice will have claims that are time-barred under the FLSA."); *Han v. Sterling Nat'l Mortg. Co.*, No. 09-CV-5589 (JFB) (AKT), 2011 U.S. Dist. LEXIS 103453, at *35 n.11 (E.D.N.Y. Sep. 14, 2011) (same).

<u>Defendants</u>:  On June 4, 2018, plaintiffs brought a motion before Judge Bianco for collective action certification.  The motion papers included a proposed form of notice to putative collective action plaintiffs.  We filed opposition papers, including objections to plaintiffs' proposed form of notice.  On July 23, 2018, Judge Bianco issued an order granting the motion for conditional collective action certification, and directed that the parties submit "a joint proposed notice or letter indicating their areas of disagreement regarding such notice by August 3, 2018." Dkt. No. 38.  Subsequently, defendants' counsel began to prepare an alternative form of notice. By Electronic Order dated August 3, 2018, the Court extended that deadline to August 10, 2018. On that date, the parties filed a joint request for a stay of the action pending mediation of the dispute.  Dkt. No. 42.  Judge Bianco granted the request for the stay by Order dated August 14, 2018.  The Order provided in part:  "IT IS HEREBY ORDERED that the request is granted, and all conferences and deadlines are adjourned sine die."  Accordingly, we suspended our preparation of an alternative form of notice as we turned our attention to the mediation and the extensive discovery we agreed to provide in advance of the mediation.  The mediation was ultimately conducted on January 10, 2019, but was unsuccessful.  Accordingly, the parties turned their attention toward resumption of the prosecution of the action.  However, the stay has not been formally vacated by the Court, and it is our understanding that there is no rescheduled date to report back to Judge Bianco regarding the form of the notice.

After January 10, 2010, we filed a request with Judge for a pre-motion conference in anticipation of bringing a motion to disqualify plaintiffs' counsel, in whole or in part.  We also requested a continuation of the stay pending the disposition of the motion for disqualification. Judge Bianco has scheduled a pre-motion conference via telephone on February 15, 2019.

In light of the foregoing, it is our position that the schedule for settling the form of the notice to putative collective action plaintiffs should be established by Judge Bianco, and we intend to seek his guidance and/or direction during the conference call next Friday, February 15.  We do not believe it is an issue for consideration in connection with plaintiffs' motion for discovery.

  As to the period of the notice, defendants' position is that notice should be restricted to two years, the FLSA statute of limitations, and certainly not six years, which is the statute of limitations for New York Labor Law claims.  As stated in *Alvarado v GC Dealer Servs.*, 2018 U.S. Dist. LEXIS 202489, at *9-10 (E.D.N.Y. 2018)(Locke, U.S.M.J.):

> Applying the three-year limitations period of the FLSA, district courts in this Circuit have reached inconsistent conclusions with respect to the appropriate notice period. *Compare Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) (applying three-year notice period), *with Cano*, 2009 U.S. Dist. LEXIS 7780, 2009 WL 5710143, at *10 (applying six-year notice period). However, the "more recent trend ... is to approve three-year notice periods to avoid the confusion caused by notifying plaintiffs who potentially have two disparate claims [under federal and state wage and hour laws] with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred [under the FLSA]." <u>Mongiove v. Nate's Corp.</u>, No. 15-cv-1024, 2016 U.S. Dist. LEXIS 16878, 2016 WL 590460, at *6 (E.D.N.Y. Feb. 11, 2016) (quoting <u>Sanchez v. El Rancho Sports Bar Corp., No. 13-cv-5119, 2014 U.S. Dist. LEXIS 66234, 2014 WL 1998236, at *1 (S.D.N.Y. May 13, 2014)</u>. Because the Court finds the reasoning set forth in the more recent cases to be persuasive, a three-year notice is appropriate here.

*See also Arciello v County of Nassau*, 2017 U.S. Dist. LEXIS 179182, at *18-19 (E.D.N.Y. 2017).

  In this case, there has been absolutely no showing by plaintiffs of any hint of willfulness.  If discovery provides any basis for making such a claim, plaintiffs can apply to the Court to expand the period of notice.  In any event, given the recent trend as noted in these cases, a six-year notice period is not appropriate.  Defendants also note that there are serious impediments to Rule 23 certification given the need for evaluation of plaintiffs' claims on an employee-by-employee basis.

  Again, however, we believe this is an issue for Judge Bianco given his prior assertion of jurisdiction over the collective action certification issues.

  We also note that all agreements are subject to Judge Bianco's decisions with respect to the anticipated motion for disqualification and the request for the continuation of the stay pending the disposition of that motion.

  2. *<u>Listing Of Contact Information For Collective Action Members</u>*

  <u>Plaintiffs</u>: Defendants also cited their disqualification motion as their basis for not providing us a listing of contact information for collective action members.

  However, again, for reasons set forth in our letter at Dkt. No. 55 (among others, including, that Defendants' disqualification motion is meritless and thus not at all likely to be granted) even if granted, the disqualification motion is not a way for Defendants to circumvent the previously-decided conditional collective certification motion. Therefore, <u>we respectfully request that Your Honor direct Defendants to provide contact information for members of the putative collective</u>

<u>action by no later than February 15, 2019 so that we may commence mailing notices to putative opt-in claimants without further delay</u>.

Defendants also objected to providing the social security numbers, telephone numbers and email addresses for putative opt-ins. Plaintiffs agree that Defendants may withhold social security numbers initially, but reserve the right to request production of same for skip trace purposes upon determining that mail as to any putative opt-in is not deliverable at the address listed.

However, given the weight of applicable precedent in favor of permitting disclosure of telephone numbers and email addresses of putative opt-ins, there is no basis for Defendants' refusal to provide such information. *See, e.g., Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 U.S. Dist. LEXIS 54573, at *44 (E.D.N.Y. Mar. 30, 2018) ("In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members.") (collecting cases). Accordingly, <u>we respectfully request that the Court compel production of the names, addresses, telephone numbers, email addresses, and employment periods for the collective</u>.

<u>Defendants</u>:  Plaintiffs seek a list of putative collective action plaintiffs which would include personal information such as social security numbers, e-mail addresses, and telephone numbers.  Our position is that plaintiffs' counsel is only entitled, at this time, to names, last known addresses, and job classifications.  If any individuals opt in to the collective action, they will become parties plaintiffs and plaintiffs' counsel can contact them for additional personal information at that time.  *See generally Gonzalez v. Scalinatella, Inc.*, 2013 U.S. Dist. LEXIS 168540 at 13-14 (S.D.N.Y. 2013).  Again, however, defendants believe this is an issue within Judge Bianco's purview; in any event, plaintiffs' counsel's request that we provide a list of putative collective members' identities on the very day that we are scheduled jointly to confer with Judge Bianco is patently unreasonable.  We are prepared to provide the required information regarding the putative collective action plaintiffs in accordance with Judge Bianco's direction.

3. ***Tolling Period For Collective Action Members***

The parties agree to tolling of the FLSA claims of putative opt-ins as of August 2, 2018.

4. ***Depositions***

<u>Plaintiffs</u>:  The parties agree that both parties will need to exceed the 10 deposition limit, in view of the complexity of this case and the large number of witnesses that are required to be deposed. However, the parties disagree as to when depositions should commence.

Plaintiffs respectfully submit that depositions of Defendants should commence by the end of February (or at the latest, early March), to avoid further delay of these proceedings. Defendants' disqualification motion is no basis to postpone depositions.

<u>Defendants</u>**:**  We are prepared to go forward with depositions of plaintiffs, representatives of defendants, and other individuals in the near future, subject to what Judge Bianco decides with respect to the motions for disqualification and for a continuation of the stay.  Plaintiffs' counsel wanted to begin to conduct depositions later this month, but we believe that depositions should

begin no earlier than June 2019 and continue through the summer. Each side agreed to consult with their witnesses to ascertain their general availability over the coming months. We do not believe it is reasonable to begin depositions prior to June, given the momentous issues involved with the proposed motion to disqualify. There is no reason to put this matter on a fast track, given the nature of plaintiffs' claims and the sorts of damages sought by plaintiffs' counsel.

We believe that each party should initially be restricted to the ten depositions allowed by the Federal Rules of Civil Procedure, with the issue of additional depositions to be revisited upon the conclusion of the first round of twenty. We do not believe it is necessary at this time to establish the ultimate number of depositions to be allowed.

5. *__Plaintiffs' Requests for Class Discovery and E-Discovery, and Defendants' Discovery Requests Served on Plaintiffs__*

Class Discovery: The parties agree that Plaintiffs' counsel will review the documents produced in anticipation of the unsuccessful January 10, 2019 mediation once again to ascertain the extent to which further production will be required, and that the parties will meet-and-confer again thereafter regarding this issue.

E-Discovery:

Plaintiffs: The parties agree that Defendants will produce a hit count for each term listed in Plaintiffs' request for e-discovery production to Plaintiffs' counsel by no later than February 18, 2019. Thereafter, the parties will confer in good-faith for the purpose of negotiating and narrowing down certain of the proposed search terms.

Defendants: We are in general agreement, but advised plaintiffs' counsel that the information would be produced during the week of February 18, 2019, not necessarily on Monday the 18th.

Defendants' Discovery Requests Served on Plaintiffs: The parties agree that Plaintiffs will respond (and object as necessary) to the discovery requests previously served by Defendants on Plaintiffs.

Respectfully submitted,

*/s/ Taimur Alamgir*
Taimur Alamgir, Esq.
LEE LITIGATION GROUP, PLLC
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs, and Class Members*

*/s/*
Albert J. Millus, Jr., Esq.
HINMAN, HOWARD & KATTELL LLP
*Attorneys for Defendants*