# OTTINGER
## EMPLOYMENT LAWYERS

Benjamin D. Weisenberg
Direct: 212.256.1902
benjamin@ottingerlaw.com

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

March 29, 2019

**BY ECF ONLY**
Hon. Frederic Block
Senior United States District Judge
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    David Buchanan v. Pay-O-Matic Check Cashing Corp., et al. | 18-cv-00885-FB-SMG

<u>Carmen Luyando v. Pay-O-Matic Check Cashing Corp., et al. | 18-cv-11114-AJN</u>

Dear Judge Block:

Ms. Carmen Luyando ("Ms. Luyando"), through her attorneys The Ottinger Firm, P.C. (the, "Firm"), respectfully submits this request for a Pre-Motion Conference in compliance with Your Honor's Individual Rule 2.A.  Ms. Luyando seeks permission to file a Motion to Intervene pursuant to Fed. R. Civ. P. 24 ("Rule 24"), so that she may file a [Proposed] Complaint in Intervention seeking to represent herself and the following putative collective and class:

> FLSA Collective:  All persons who are or were employed by Defendants as non-exempt Customer Service Representatives, and all other similarly situated non-exempt jobs, at any location operated by Defendants from three (3) years prior to this action's filing date through the date of the final disposition of this action.
>
> New York Class: All persons who are or were employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

On November 28, 2018, Ms. Luyando filed her Class and Collective Action Complaint before the United States District Court for the Southern District of New York.  *See* 1:18-cv-11114-AJN. Ms. Luyando's Complaint alleged violations of, *inter alia*, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the minimum wage and overtime requirements under New York Labor Laws ("NYLL"), §§ 650 et seq., §§ 663, et seq., and the wage statement and notice requirements of the NYLL, § 195 et seq.  Ms. Luyando's Complaint pled a putative FLSA Collective and New York Class, because Defendants' unlawful employment practices were/are pervasive and systemic.

Case 2:18-cv-00885-FB-SMG   Document 64   Filed 03/29/19   Page 2 of 2 PageID #: 472

18-cv-00885-FB-SMG
18-cv-11114-AJN
March 29, 2019
Page 2 of 2

On or about Friday, December 7, 2018, Miriam R. Schindel of Hinman, Howard & Kattell LLP ("Ms. Schindel"), informed undersigned counsel that Defendants' believed Ms. Luyando's Complaint to be "second-filed." *See Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800 (1976). Ms. Schindel referenced the Buchanan Action's conditionally certified FLSA Collective, *See* Buchanan, ECF Docket No. 38, and alleged Ms. Luyando herself would be – if ultimately certified – a Buchanan Action New York Class member. Ms. Schindel informed undersigned counsel that Defendants intended to imminently file a Motion to Stay Ms. Luyando's Action. In response to Defendants' stated intention to file a Motion to Stay Ms. Luyando's Action – a Motion that would effectively strip Ms. Luyando of any control over the prosecution of her claims against Defendants – undersigned counsel caused Ms. Luyando's First Amended Complaint to be filed which removed the Luyando Action's putative FLSA Collective and New York Class. The Luyando Action's Initial Conference is scheduled for April 12, 2019, before Hon. Alison J. Nathan.

Since the filing of her First Amended Complaint, Ms. Luyando has learned of the conflict of interests between the Lee Litigation Group, PLLC and Defendants' employees who were employed as non-exempt employees. *See* Buchanan, ECF Docket Nos. 43-62. Ms. Luyando, and all others similarly situated non-exempt employees, are entitled to competent class counsel completely free from any conflicts of interest in the Buchanan Action, because they have an interest in the Buchanan Action, their interests will be impaired by the disposition of the Buchanan Action, and their interest are not adequately protected by the parties in the Buchanan Action. *See* Fed. R. Civ. P. 24.

The Firm, based on the foregoing, respectfully requests Your Honor schedule a Pre-Motion Conference so that Ms. Luyando may seek permission to file a Motion to Intervene and a [Proposed] Complaint in Intervention.

                                                          Respectfully submitted,

                                                          **THE OTTINGER FIRM, P.C.**

                                                          _____

                                                          Benjamin D. Weisenberg
                                                          benjamin@ottingerlaw.com