# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT: 212-465-1124
taimur@leelitigation.com

April 12, 2019

**Via ECF (Exhibits via Priority Mail)**
The Honorable Frederic Block, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Buchanan, et al. v. Pay-O-Matic Check Cashing Corp., et al.*
            Case No. 2:18-CV-00885 (FB) (SMG)

Dear Judge Block:

    We represent Plaintiffs in the above referenced matter. This letter is respectfully submitted in response to the March 29, 2019 pre-motion request[1] filed at Dkt. No. 64 by Benjamin Weisenberg, Esq., counsel for Proposed Intervenor Carmen Luyando. As explained below, the reasons given at Dkt. No. 64 for seeking to intervene – primarily, that Mr. Weisenberg seeks to supplant us as class and collective counsel based on purported conflicts – are without merit. Most significantly, given that Ms. Luyando purposefully abandoned her class and collective action claims, such claims are waived, thus making her counsel's assertion that he should replace us baseless. For the reasons stated below, leave to brief the proposed motion should be denied.[2]

    **Relevant Procedural History of This Case and The *Luyando* Matter**: This case, which was filed on February 9, 2018, is the first-filed of three class and/or collective action wage-and-hour litigations currently pending against Defendants ("Pay-O-Matic"). On July 23, 2018, Judge Bianco (who then presided over the case) granted Plaintiffs' motion to certify the case as a Fair Labor Standards Act ("FLSA") collective action as to two subclasses of Pay-O-Matic employees. *See* Dkt. No. 38. A stay then issued, pending a class-wide mediation of this case, which was held on January 10, 2019 and proved unfruitful. Later in the day on January 10, 2019, Plaintiffs e-filed a letter notifying the Court of the mediation's failure. *See* Dkt. No. 43. By letter dated January 30, 2019, Defendants announced their motion to disqualify, which was fully briefed on April 8, 2019.

    *Luyando v. Pay-O-Matic Check Cashing Corp., et al.*, Case No. 18-CV-11114 (AJN), the proposed intervenor's case, was filed in the Southern District of New York on November 28, 2018.[3] *Luyando* was originally brought as a putative collective and class action, like this case. *See* **EXHIBIT A**, Original Complaint in *Luyando*. However, as explained in a consent letter filed in *Luyando* by Pay-O-Matic's counsel of record, Mr. Millus: "Mr. Weisenberg… advised that he intends to amend the complaint… to **eliminate the class action allegations**, and we are pursuing

---

[1] We do not oppose having a conference (indeed, a conference is already set for May 10, 2019).
[2] For reasons stated below, proposed intervenor's motion is untimely, notwithstanding the merits.
[3] *Garcia v. Pay-O-Matic Check Cashing Corp.*, Index No. 505105/2018 (Sup. Ct. Kings Cty), the second-filed wage-and-hour case against Pay-O-Matic, was initiated on March 13, 2018. *Luyando* is thus *third*-filed.

the potential resolution of the [*Luyando*] plaintiff's individual claim." *See* **EXHIBIT B**, Letter at Dkt. No. 11 in *Luyando* (emphasis added). Mr. Weisenberg neither contested Mr. Millus's representations on Mr. Weisenberg's behalf in the letter at **EXHIBIT B**, nor indicated that the elimination of his client's class and collective action claims was not a permanent dismissal of the claims with prejudice.[4] On January 11, 2019, Mr. Weisenberg filed a first amended complaint, expunging all of the Rule 23 class and FLSA collective action allegations in the original complaint. *See* **EXHIBIT C**, First Amended Complaint in *Luyando*. *Luyando* remains at a pre-discovery stage, and is stayed pending the pre-motion conference in this matter.

**Leave To Move to Intervene To Assert Class and Collective Action Claims In This Case Should Be Denied Because Class and Collective Allegations Were Omitted From The Amended Complaint In *Luyando* and Are Thus Waived**: "Causes of action alleged in an original complaint which are not alleged in an amended complaint are **waived**…" *Austin v. Ford Models*, 149 F.3d 148, 155 (2d Cir. 1998) (emphasis added). Because, as related above, in her amended complaint (**EXHIBIT C**), Ms. Luyando omitted the class and collective action allegations previously included in her original complaint (**EXHIBIT A**), they are waived – the equivalent of a dismissal with prejudice. Inasmuch as there is any doubt that claims plead, then omitted from an amended complaint are waived for good, "the question of abandonment [of claims omitted from an amended complaint] is one of **intent**… it makes perfect sense to hold that a party who seeks to file an amended pleading that omits a claim intends to abandon the claim…" *Austin*, 149 F.3d at 155 (emphasis added). The fact that two-and-a-half months passed between the filing of the amended complaint in *Luyando* (filed on January 11, 2019, after the mediation's failure was made public) and Mr. Weisenberg's submission of his pre-motion letter at Dkt. No. 64 (filed on March 29, 2019) with no action whatsoever taken to secure Ms. Luyando's rights to proceed on a class/collective basis (despite the fact that this case's docket made clear that Defendants would be moving to disqualify us as class counsel since at least January 30, 2019, *see* Dkt. No. 47) shows Ms. Luyando's intent to abandon her class and collective action claims. So do representations on Mr. Weisenberg's behalf in the consent letter annexed at **EXHIBIT B**.

In his pre-motion letter at Dkt. No. 64, Mr. Weisenberg states that the reason he agreed to omit his client's class and collective action claims from the amended complaint in *Luyando* because – even though he now belatedly feels that he and his client are suitable to represent the class in this large and complex case – is that Pay-O-Matic's counsel, Ms. Schindel, either duped or intimidated him into doing so. Mr. Weisenberg is not Defendants' lackey. He does not have to do all that Defendants demand. The fact that Mr. Weisenberg agreed to drop his client's class and collective action claims, without specifying in any way that the dismissal was to be **without** prejudice, shows clearly that the claims were abandoned, and should be deemed to be waived.

**Leave to Move to Intervene Should Be Denied Under the "First-Filed" Rule**: "As a general rule, where there are two competing lawsuits, the first suit should have priority." *Emplrs. Ins. v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008). "[T]he 'first-filed' rule requires that the first and subsequently filed case(s) have [at least] substantially similar parties and claims. *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012). *"*Where the [first-filed] rule applies… a district court has broad discretion to dismiss a lawsuit that

---

[4] This could have been achieved by notifying Judge Nathan, who is presiding over *Luyando*, that the dismissal as to class and collective claims was **without** prejudice.

is duplicative of a prior action…" *Colbert v. P&G*, 2017 U.S. Dist. LEXIS 141268, at *7-8 (S.D.N.Y. Aug. 30, 2017) (internal citations and quotation marks omitted). Ms. Luyando was *third* to bring a case of this kind. Because her claims are thus clearly subordinate to those in this case under the "first-filed" rule, there is no basis for allowing her proposed motion to proceed.

**Leave to Move to Intervene Should Be Denied Because There Is No Conflict of Interest Warranting Disqualification**: Plaintiff's Memorandum of Law in opposition to Defendants' disqualification motion, which was docketed on April 8, 2019, explains why the alleged conflict of interest between subclasses is a sham. In consideration of the 3-page limit applicable to this response, we respectfully refer the Court there. Further, while Mr. Weisenberg opportunistically promotes his client as a putative replacement class representative, the suggestion that Ms. Luyando could represent any kind of class is laughable. Ms. Luyando has no class claims, having waived them through abandonment between the initial and amended complaints. How could an individual who has waived the legal right to assert class allegations – and is thus not even a potential class member - represent any kind of class? Ms. Luyando's patent unsuitability to represent a class shows why Defendants championed her and her counsel's cause in their reply in support of their disqualification motion. Making Ms. Luyando class representative would benefit Defendants by jeopardizing any Rule 23 motion. Moreover, as the facts sections of **EXHIBIT A** and **EXHIBIT C** both show, Ms. Luyando was an "**Assistant Manager**" while employed by Defendants. If, as Defendants argue – baselessly - and Ms. Luyando and Mr. Weisenberg apparently agree, there is a "fundamental conflict" between Pay-O-Matic employees with manager titles and CSRs, how could Ms. Luyando possibly see herself – an Assistant Manager – and her counsel as not conflicted in precisely the same way that she accuses Plaintiffs' counsel of being?

**Leave to Move to Intervene Should Be Denied as Intervention Is Premature**: Ms. Luyando, unlike Plaintiffs, has not achieved conditional collective certification of her FLSA claim. Until and unless she does, she has no right to contest our status as collective action counsel (especially as further delay of notice risks prejudice to putative FLSA opt-ins.) In addition, as our opposition to Defendants' disqualification motion makes clear, any bid to contest our status as class counsel is premature, given that no Rule 23 motion has been filed as yet. To the extent intervention could ever be appropriate here, there is surely no basis for it prior to Rule 23 motion practice.

**Leave to Move to Intervene Should Be Denied Because Mr. Weisenberg Is Likely To Be Rejected As Class Counsel**: Under Rule 23(g)(2), an attorney may only be appointed as class counsel if the Court determines, upon consideration of factors including the attorney's experience, knowledge and resources, *see* Rule 23(g)(1), that the attorney is "adequate" for the appointment. Here, Mr. Weisenberg's various errors, including his decision to drop the class and collective action claims in the *Luyando* amended complaint (thereby excluding his client from any putative class) and his belated and bad-faith assertion of the same abandoned claims here give good cause to doubt his ability to serve as class counsel in this highly contested and complex matter. As explained at **EXHIBIT D**, Plaintiffs' counsel (including lead counsel, C.K. Lee, Esq., who has been approved as class counsel in approximately 80 prior wage-and-hour litigations, including by this Court), are clearly better suited to represent any Rule 23 class here than Mr. Weisenberg (who, as far as we can tell, has only been judicially approved as class counsel in a federal wage-and-hour case on a single prior occasion).

For these reasons, the intervention motion should be denied without formal briefing.

Respectfully submitted,

*/s/Taimur Alamgir*
Taimur Alamgir, Esq.

cc: Defendants' counsel (Miriam R. Schindel, Esq. and Albert J. Millus, Jr., Esq.) via ECF and e-mail, Proposed Intervenor's counsel (Benjamin Weisenberg, Esq.) via ECF and e-mail