# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:    212-465-1188
                    cklee@leelitigation.com

July 10, 2019

**Via ECF**
The Honorable Frederic Block, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Buchanan, et al. v. Pay-O-Matic Check Cashing Corp., et al.*
     Case No. 18 CV 885 (FB) (SMG)

Dear Judge Block:

Based on continuing discussions since the class mediation held with Carol Wittenberg of JAMS in January 2019, there is a contemplated class settlement, in principle, for all non-exempt employees of Defendants. The proposed settlement terms are not yet final and subject to continuing discussions. However, given the progress of discussions and the cost of a collective notice mailing to 3,000 individuals, the *Buchanan* plaintiffs respectfully request that collective notice mailings to all prospective class members be held in abeyance for a period of 30 days while the parties finalize the terms of the prospective class settlement.

My firm had invited the Ottinger Firm to join in the contemplated class settlement discussions. Because the Ottinger Firm never reviewed any discovery, I had invited them to my office to review documents in a data room that had been set up for them this week so that they can participate in settlement discussions. Also, since no agreement has yet been signed, I would have welcomed any input they may have to the settlement discussions. Instead, the Ottinger firm refused to participate, stating without any substantive basis that they wanted to send collective mailings out immediately and continue litigation separately on behalf of the CSR individuals.

The contemplated class settlement is a seven-figure settlement that provides for automatic mailing of checks to class members, without requiring claim forms. Also, any unclaimed amounts would not revert to the Defendant and would be made to a *cy pres* donation. This structure, based on my experience of being class representative of over 80 class lawsuits, will result in the highest number of class members receiving compensation. Based on my investigation of thousands of pages of discovery documents, this proposed settlement is in the best interest of the class; and there are substantial risks to continued litigation.

I invited the Ottinger Firm to join and participate in the negotiations of the class settlement. I also suggested that they would participate in negotiations of the settlement documents and motion papers for fairness. I also informed them that I would not object to them submitting a fee application and that both firms would separately apply for fees to be determined by the Court. Again, they declined and instead, threatened me and Defendants with misconduct for maintaining class settlement discussions that have continuous since January 2019, when the initial class mediation took place. In my prior letter to the Court, I had also informed the Court that class settlement discussions have been on-going. Given that the contemplated settlement terms, still to be finalized, may be extremely beneficial to the class and would be validated as fair by the third-party mediator, Carol Wittenberg of JAMS, it would seem that any allegations of misconduct by the Ottinger Firm would be meritless.

Based on the foregoing, I respectfully request that the collective notice mailings to all prospective recipients be held in abeyance sine die. Within 30 days if final class settlement terms are agreed upon, Defendants and I will submit a preliminary approval motion to the Court; and I look forward to providing details of the contemplated class settlement to the Court. Defendants would have joined in this request except that they were concerned by the Ottinger Firm's threats of sanctions and misconduct, and will seek guidance from the Court in a separate letter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: All counsel via ECF