**jackson|lewis.**

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

July 10, 2019

*VIA ECF*
Hon. Frederic Block
Senior United States District Judge
United States District Court
  Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:      Buchanan et al. v. Pay-O-Matic Check Cashing
                        Corp., et al., Case No. 18-CV-00885(FB)(SMG)

Dear Judge Block:

        We represent Defendants Pay-O-Matic Check Cashing Corp. and The Pay-O-Matic Corp. ("Defendants" or "the Company") in this wage-and-hour class and collective action. We write at this time to seek the Court's clarification of the Minute Order entered by the Court following the conference on May 24, 2019, and to seek guidance concerning the uncertified state law putative Rule 23 classes.

        Lee Litigation Group represents named Plaintiffs David Buchanan, Eva Figueroa, and Javon Jones. The Ottinger Firm represents Intervenor Plaintiff Carmen Luyando. At the conference on May 24, 2019, the Court denied Defendants' motion to disqualify Lee Litigation Group. The Court further granted Intervenor Plaintiff Luyando's request to intervene. The Court further discussed the issue of moving forward with collective action notice under the Fair Labor Standards Act (FLSA) to the collective subgroups, differentiating between plaintiffs "with manager titles" and "customer service representatives" (CSRs). In a Minute Order entered on May 24, 2019, the Court stated, "The Lee Litigation Group will represent one sub-class (plaintiffs with manager titles) and The Ottinger Firm will represent another sub-class (customer services representatives)." While the Court referred to the two firms representing the separate *sub-classes* of store managers and CSRs, the Court's order clearly pertained to the conditionally certified groups under the FLSA, as that was the only issue before the time, as is common in a hybrid case such as this one. In a collective action, opt-in participants are party plaintiffs – there are no absent class members. For this reason, and because the issue of Rule 23 class certification

of the state claims has not been presented to the Court for consideration, Defendants interpret the Court's order to be referring to the respective sub-groups of collective Plaintiffs, store managers and CSRs. Meaning, they would be represented by the respective named Plaintiffs (and any additional representatives required by the Court) and corresponding counsel should the conditionally certified collective action survive decertification and proceed to trial. However, we respectfully request clarification for the reasons outlined below.

Following the conference on May 24, 2019, Defendants responded to requests to consider mediation and to discuss settlement presented by both the Lee Litigation Group and the Ottinger Firm. In response, Defendants proposed joint or separate settlement discussions and/or mediation to explore the possibility of a global resolution of this matter before a collective action notice is distributed. Lee Litigation Group, counsel for the store manager collective (and still first in time counsel for a putative class of employees), has engaged in substantive discussions regarding global resolution, continuing a dialogue started during a mediation held on January 10, 2019. Counsel for the intervenor and the CSR *collective*, the Ottinger Firm, declined to discuss settlement at this time.

In the course of ongoing discussions with the Lee Litigation Group, the possibility of settlement on behalf of the entire class has been proposed, including for both putative Rule 23 subclasses (for settlement purposes) as described in the Amended Complaint, of course subject to the Court's review and approval consistent with Rule 23(e).[1] In furtherance of those settlement discussions, the Lee Litigation Group today contacted the Ottinger Firm to discuss the possibility of participating in a global class settlement. The Ottinger Firm has stated that it will not participate in any settlement at this time. The Ottinger Firm further has contended that it would be inappropriate for Defendants and Plaintiffs represented by Lee Litigation Group to reach an agreement to resolve this matter on a putative class basis (for settlement purposes) given the Court's reference to the Ottinger Firm as counsel for the "subclass" of CSRs in the Court's May 24, 2019 Minute Order. It is Defendants' position that the Ottinger Firm (per the May 24, 2019 Minute Order) represents CSR collective members who may opt-in to this case. At this point they represent solely Intervenor Plaintiff Luyando because there are no other CSR collective members who are not named plaintiffs represented by Lee Litigation Group.[2]

In the interest of avoiding unnecessary motion practice, or any contention of inappropriate discussions by counsel for any of the parties working in good faith towards a possible resolution of this matter (however misguided), and because intervenor counsel for the CSR collective has expressed a contradictory interpretation, we respectfully request the Court issue an order confirming that the May 24, 2019 Minute Order makes the respective Plaintiffs' counsels and their clients representatives for purposes of any FLSA collective, and in the event any motion for approval of a class action settlement reached with either counsel, the Court will

---

[1] While counsel for Defendants and Lee Litigation Group have discussed and exchanged proposals for a possible class settlement, there is not yet any binding commitment or agreement to settle between Defendants and Plaintiffs represented by Lee Litigation Group.

[2] The Lee Litigation Group continues to represent CSR collective members, named Plaintiffs Eva Figueroa and Javon Jones.

address such motion on the merits, and subject to any viable objection from a class member (whether a "competing" representative or otherwise).

      Because such a class settlement, if reached, would necessarily entail notice to the settlement class (which class likely will include and subsume the entire Store Manager and CSR collectives), Defendants respectfully request that the Court not order the mailing of collective action notice to either collective subgroup pending resolution of these issues. This will avoid almost inevitable confusion for class members receiving multiple and conflicting notices about this matter.

      We thank the Court for its consideration and attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

Jonathan M. Kozak

cc: All Counsels of Record *(via ECF)*

4810-6180-2652, v. 1