# jackson lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI° | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

°through an affiliation with Jackson Lewis P.C., a Law Corporation

July 12, 2019

*VIA ECF*
Hon. Frederic Block
Senior United States District Judge
United States District Court
 Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: Buchanan et al. v. Pay-O-Matic Check Cashing
          Corp., et al., Case No. 18-CV-00885(FB)(SMG)

Dear Judge Block:

  We represent Defendants Pay-O-Matic Check Cashing Corp. and The Pay-O-Matic Corp. ("Defendants" or "the Company"). This letter is respectfully submitted to request that Your Honor issue an order directing the Clerk of the Court to immediately strike from the Court's docket a letter filed by Intervenor Plaintiff Luyando's counsel yesterday afternoon, Doc. No. 95, and for such other relief as the Court may deem appropriate.

  In Intervenor Plaintiff Luyando's filing on July 11, 2019 (Doc. 95), counsel makes reference to details of settlement discussions with Defendants, including the terms for a proposed settlement. In addition, counsel attaches a letter from Lee Litigation Group (counsel for Plaintiffs Buchanan, Figueroa, and Jones), further detailing the confidential settlement proposals between the parties which information was provided for the purpose of bringing Intervenor Plaintiff Luyando into the settlement discussions. The letter from Lee Litigation Group is prominently marked "FRE-408 – FOR SETTLEMENT PURPOSES ONLY, CONFIDENTIAL." (Doc. 95, Ex. 1.)

  It was completely inappropriate for Intervenor Plaintiff Luyando to publicize the confidential settlement discussions of the parties, and in clear contravention of Rule 408 of the Federal Rules of Evidence. The disclosure jeopardizes any possible settlement between the parties. Further, the premature and unauthorized disclosure of Defendants' settlement posture at this time also could cause material harm to Defendants' business interests, from industry

competitors and/or with respect to entities with interests in Defendants proprietary financial information.

Rule 408 excludes evidence of compromises or compromise negotiations. The rule is applicable regardless of which party offers the evidence concerning a settlement or settlement offer. Pierce v. F.R. Tripler & Co., 955 F.2d 820, 828 (2d Cir. 1992). The rule also applies with equal force whether the settlement involves the litigants or a litigant and a third party. Crigger v. Fahnestock & Co., 2005 U.S. Dist. LEXIS 6382 *3 (S.D.N.Y. Apr. 14, 2005); Kennon v. Slipstreamer, Inc., 794 F.2d 1067, 1069 (5th Cir. 1986) ("While a principal purpose of Rule 408 is to encourage settlements by preventing evidence of a settlement (or its amount) from being used against a litigant who was involved in a settlement, the rule is not limited by its terms to such a situation. Even where the evidence offered favors the settling party and is objected to by a party not involved in the settlement, Rule 408 bars the admission of such evidence unless it is admissible for a purpose other than 'to prove liability for or invalidity of the claim or its amount.'") (citation omitted).

Intervenor Plaintiff Luyando's arguments concerning her position in the case, and/or challenging the possibility of negotiations which may result in a resolution of this matter did not require the confidential disclosures made. The information should immediately be removed from the docket.

Prior to submitting this letter, the undersigned called and has exchanged e-mail correspondence with Intervenor Plaintiff Luyando's counsel earlier today requesting that he take steps to immediately remove the confidential information from the docket for the reasons above. Intervenor Plaintiff Luyando's counsel has repeatedly declined, arguing that because the information regarding settlement was received from Lee Litigation Group (rather than from the undersigned counsel for Defendants), it is not Rule 408 material.

Defendants will respond under separate cover to Intervenor Plaintiff Luyando's arguments (presented in Docs. 95 and 96) regarding the possibility of a class settlement, and the pending requests to not order collective notice at this time. In the interim, however, Defendants respectfully request that the Court order the Clerk to remove Doc. 95 from the public docket, or for Plaintiffs' counsel to do so immediately, and for such further and additional relief as the Court deems appropriate. Alternatively, we respectfully request a teleconference with the Court to address this issue as soon as possible.

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

Jonathan M. Kozak

cc:   All Counsels of Record *(via ECF)*