

Benjamin D. Weisenberg
Direct: 212.256.1902
benjamin@ottingerlaw.com

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

July 12, 2019

**BY ECF ONLY**
Hon. Frederic Block
Senior United States District Judge
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Buchanan, et al. v. Pay-O-Matic Check Cashing Corp., et al. | 18-cv-00885-FB-SMG

Dear Judge Block:

The Ottinger Firm, P.C. ("Ottinger") represents Intervenor Ms. Carmen Luyando and the Customer Services Representatives sub-class (collectively, "the CSRs") in this matter.

The statements in Lee Litigation Group's ("("LLG") unsolicited July 9th letter ("the Letter") were neither made in the course of compromise negotiations nor could they be. There are no claims between Ottinger's clients (the CSRs sub-class) and LLG's clients (the Manager Titles sub-class) to compromise. Ottinger has not offered the Letter either to prove or disprove the validity or amount of the CSRs sub-class' claims. The Letter evidences LLG's conflicts of interest towards the CSRs sub-class. The Letter and LLG's statements therein, therefore, are not subject to FRE 408.[1]

Defendants are not the author of the Letter and the statements therein are not theirs. Defendants have repeatedly asserted – through direct conversations with Ottinger and in their filings to Your Honor – they have not been involved in negotiating Ottinger's clients' claims without Ottinger. *See e.g.,* ECF Dkt. No. 92. ("The Ottinger Firm has stated that it will not participate in any settlement at this time. … It is Defendants' position that the Ottinger Firm (per the May 24, 2019 Minute Order) represents CSR collective members who may opt-in to this case. At this

---

[1] Federal Rule of Evidence 408, as relevant herein, reads:

> Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) Furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claims; and
> (2) Conduct or a statement made during compromise negotiations about the claim …

point they represent solely Intervenor Plaintiff Luyando because there are no other CSR collective members who are not named plaintiffs represented by Lee Litigation Group.")
If taken at their word, the Letter and LLG's statements therein could not possibly have been part of compromise negotiations as to Ottingers' clients' claims. Again, Ottinger has not offered the Letter either to prove or disprove the validity or amount of the CSRs sub-class' claims. The Letter and LLG's statements therein, therefore, are not subject to FRE 408.

Defendants' cited authority is inapplicable to the case at bar. *See Crigger v. Fahestock & Co.,* 2005 WL 857368 *1-2 (S.D.N.Y. April 14, 2005) ("Rule 408 codifies the general practice of the federal courts in making compromise agreements inadmissible in such circumstances *as proof of liability for, or invalidity of, the claim or its amount* .... Even if the fact of the settlement is admissible for a purpose other than proof of liability, disclosure of the settlement amount may constitute reversible error. This is sound policy.") (citing *Weinstein's Federal Evidence* § 408.04 (2d ed.2005.) (emphasis added); *see also Kennon v. Slipstreamer, Inc.* 794 F.2d 1067, 1070 (5th Cir. 1986) ("The district court's disclosure of the fact of settlement was clearly for the purpose of avoiding jury confusion, *rather than for the purpose of showing liability*. … The district court did not abuse its discretion in revealing the fact of settlement in this case.") (emphasis added).[2]

\*       \*       \*

For the reasons set forth above, and upon all of the papers, pleadings, and oral arguments in this Action, Ottinger respectfully requests Your Honor deny Defendants' Letter Motion to Strike in its entirety.

Thank you in advance for your time and attention in the above requests

       Respectfully submitted,

       **THE OTTINGER FIRM, P.C.**

       _____
       Benjamin D. Weisenberg
       benjamin@ottingerlaw.com

cc: By ECF to all counselors or record.

---

[2] Defendants' citation to a 5th Circuit, non-binding case from 1986 to assert it has standing as to LLG's FRE 408 privilege claim is tenuous at best.