UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DAVID BUCHANAN, *on behalf of himself,*
*FLSA collective plaintiffs and the Class*,

                Plaintiffs,

  -against-

PAY-O-MATIC CHECK CASHING
CORP, et al,

                Defendants.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-885 (FB)(SMG)

*Appearances:*
*For the Plaintiff*:
THE LEE LITIGATION GROUP, PLLC
30 East 39th Street
New York, N.Y. 10016

*For the Intervenor:*
THE OTTINGER FIRM
401 Park Ave South
New York, N.Y. 10016

*For the Defendant*:
JACKSON LEWIS
44 South Broadway,
White Plains, N.Y. 10601

**BLOCK, Senior District Judge:**

      Before the Court are two motions to stay class notice until a contemplated class settlement is reached. The parties further request clarification of a May 24, 2019 minute entry entered after a pre-motion conference. The minute entry states:

> Intervenors anticipated motion to intervene; and to disqualify plaintiff's counsel and defendant's anticipated motion to stay collective action were all discussed. The motion to disqualify is DENIED without prejudice and the motion to intervene is GRANTED. The defendant's motion to stay is DENIED. As to the FLSA claim the stay is lifted and by June 21st counsel will file a joint proposed class notice, with any areas of disagreement highlighted, for

1

the courts review. The Lee Litigation Group will represent one sub-class (plaintiffs with manager titles) and The Ottinger Firm will represent another sub-class (customer services representatives)

On July 10, 2019, both LLG and Jackson Lewis filed letter motions to stay class notice mailings *sine die* to provide time for the parties to reach a class settlement. On July 11, 2019, the Ottinger Firm responded, arguing that LLG cannot negotiate a settlement on behalf of all plaintiffs as the Ottinger Firm represents a sub-class of plaintiffs.

The Court clarifies the minute entry as follows: (1) LLG will represent all prospective class members before notice is sent; and (2) if settlement negotiations fail and class notice is sent, the opted-in customer service representatives will be represented by the Ottinger Firm and the opted-in managers will be represented by LLG. Since notice has yet to be distributed, LLG may continue to negotiate a settlement on behalf of all plaintiffs.

Further, considering the extensive progress made towards settlement, a stay of class action notice is proper. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Accordingly, a stay of class action notice will be granted for 30 days. By April 25, 2020, the parties must submit an update on settlement discussions and may, at that time, request a further stay.[1]

**IT IS SO ORDERED.**

                                                   /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

March 25, 2020
Brooklyn, New York

---

[1] LLG and Jackson Lewis additionally request the Ottinger Firm's brief be stricken as it contains the proposed settlement agreement. On March 3, 2020, the Court sealed the brief. It shall remain under seal to protect the release of any confidential materials.