

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains NY 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HONOLULU, HI | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON DC REGION |
| DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

May 5, 2020

<u>**VIA ECF**</u>
Honorable Steven M. Gold
U.S. Magistrate Judge
United States District Court
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Buchanan et al. v. Pay-O-Matic Check Cashing Corp., et al., Case No. 18-CV-00885(FB)(SMG)</u>

Dear Magistrate Judge Gold:

    We represent Defendants in the above-referenced matter.

    By Text Order on March 26, 2020, Your Honor granted a request to adjourn the conference previously scheduled for March 27, 2020 to address Defendants' motion for a protective order relating to intervenor Plaintiff Luyando's requests for class/collective discovery. The adjournment of the March 27, 2020 conference was requested in light of a Memorandum and Order issued by Judge Block on March 25, 2020 (Doc. No. 107) permitting class settlement discussions to be completed and staying issuance of class [collective] notice. In adjourning the March 27, 2020 conference, Your Honor directed the parties to submit this status report letter by May 5, 2020.

***Defendants' Position:***

    Defendants and the named Plaintiffs negotiated and executed a class settlement agreement on April 24, 2020 ("Class Settlement Agreement"). By Electronic Order, on the same date, Judge Block granted a joint letter application of the named Plaintiffs and Defendants further extending the prior stay and requiring a further status report by May 15, 2020, at which time, or before such date, a motion will be filed seeking preliminary approval of the Class Settlement Agreement and allowing notice of same.

    Intervenor Plaintiff Luyando declined to participate and attempted to prevent class settlement negotiations, and she refused to review voluminous discovery made available to her by named Plaintiffs' counsel, Lee Litigation Group, PLLC ("LLG"). Judge Block's March 25, 2020 Order allowed LLG to continue to negotiate the class settlement, and stayed notice pending an update by April 25, 2020. (Doc. No. 107.) Judge Block's Order states, "<u>if settlement negotiations fail</u> and class notice is sent" Plaintiff Luyando's counsel will represent the opted-in customer service representatives, and LLG will represent the opted in managers. (Id. at 2, emphasis added.)

Settlement negotiations have not failed. Settlement negotiations resulted in an executed Class Settlement Agreement which will be presented to Judge Block for review and preliminary approval on or before May 15, 2020.

Plaintiff Luyando's request for class/collective discovery at this time is not proper in light of the status of the matter following Judge Block's March 25, 2020 Order, which was extended pursuant to the April 24, 2020 Order. If Plaintiff Luyando would like to pursue her claims on an individual basis, and seek discovery as to her individual claims, she should not do so in this matter.

***Intervenor Luyando's Position:***

On May 24, 2019, the Court resolved Defendants' motion to disqualify LLG by ordering that LLG would represent a sub-class of plaintiffs with manager titles and The Ottinger Firm, P.C. ("Ottinger") would represent another sub-class of customer service representatives ("CSRs"). Defendants had moved to disqualify LLG on the ground that Defendants' managers were responsible for enforcing CSRs' compliance with Defendants' timekeeping policies, creating a conflict between the two groups. See Dkt. No. 69-10. The Court subsequently clarified its order that LLG would represent all prospective class members while negotiating a [Proposed] Class Settlement, but Ottinger will represent the CSR sub-class if class notice is sent. See Dkt. No. 107. Plaintiff Luyando continues to believe that LLG has a conflict in their efforts to simultaneously represent the managers sub-class and the CSRs sub-class. Accordingly, Plaintiff Luyando requests that Your Honor deny Defendants' request for a protective order, because Ottinger has a duty to continue to represent those individuals who Ottinger does and will represent in the event class notice is issued.

In the event Your Honor believes a protective order as to general collective and class discovery is appropriate at this time, Your Honor should deny Defendants' request for a protective order in respect to Defendants' responses and productions related to Defendants' employment of Intervenor Luyando given that she filed her claims almost a year and a half ago and Defendants' have refused her even the most basic discovery.

\*     \*     \*

We thank you for your attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

Jonathan M. Kozak

cc:    Counsel of Record (via ECF)