**EXHIBIT B**

# COURT-AUTHORIZED NOTICE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

**If you worked as a Store Manager, treated as either exempt or non-exempt, or a non-exempt Teller, Cashier, Service Associate, Customer Service Representative, or Assistant Manager for Pay-O-Matic Check Cashing Corp. and The Pay-O-Matic Corp. in New York at any time between February 9, 2012 and July 31, 2019, please read this notice:**

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

- David Buchanan, Eva Figueroa, and Javon Jones ("Plaintiffs"), former employees of Pay-O-Matic Check Cashing Corp.. (together with Pay-O-Matic Corp., "Defendants"), on their own behalf and on behalf of similarly situated workers, claim that Defendants violated the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA") by failing to pay regular and overtime wages due to Defendants' misclassification of Store Managers as "exempt", as well as due to time shaving, and for other violations.

- While Defendants deny any wrongdoing, deny that they violated the law in any way, and deny that Pay-O-Matic Corp. is an employer, the parties have agreed to settle this lawsuit. As a result, Defendants have agreed to pay a settlement of $1,200,000 to resolve these claims. The Court has not decided who is right and who is wrong.

    Based on the formula created in the settlement, you are entitled to receive approximately $[     ] per week worked during the period between February 9, 2012 and July 31, 2019.

- Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING | If you do nothing, you will remain part of the case and receive the payment amount identified above. You will give up any rights to separately sue the Defendants about the same legal claims in this lawsuit. |
| EXCLUDE YOURSELF | By excluding yourself, you give up any right to receive a payment from this settlement. You will however, keep any rights to sue the Defendants about the same legal claims in this lawsuit. |
| OBJECT | Write to the Court about why you do not like the settlement. |

| | |
|---|---|
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |

- These rights and options — and the deadlines to exercise them — are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the parties' settlement agreement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1. Why did I get this notice?**

You are getting this notice because the Defendants' records show that you worked for Pay-O-Matic Check Cashing Corp. in New York as either a Store Manager, Teller, Cashier, Service Associate, Customer Service Representative, or Assistant Manager at some time between February 9, 2012 and July 31, 2019.

A class action lawsuit has been brought against the Defendants claiming that they violated provisions of the New York State Labor Law, as well as the Fair Labor Standards Act. The lawsuit is known as *Buchanan v. Pay-O-Matic Check Cashing Corp., et al.*, Case No.: 18-cv-00885.

This notice is being sent to you because you have a right to know about a proposed settlement reached in this lawsuit, and about all of your options in connection with this proposed settlement, before the Court decides to finally approve the settlement. If the Court approves the settlement, and after any appeals are resolved, payments will be mailed to Class Members who do not exclude themselves from the settlement.

**2. What is this lawsuit about?**

In this lawsuit, Plaintiffs alleged that Defendants violated the New York Labor Law and Fair Labor Standards Act by failing to pay Store Managers regular and overtime hours due to misclassifying them as "exempt", as well as failing to pay Tellers, Cashiers, Service Associates, Customer Service Representatives, and Assistant Managers the proper minimum wages and overtime due to time shaving, and for statutory penalties. The Defendants deny all of these allegations and maintain they have fully complied with the law at all times.

**3. Why is this a class action?**

In class actions, one or more people called Class Representatives sue on behalf of people who have the same or similar claims. Here, David Buchanan, Eva Figueroa, and Javon Jones are the Class Representatives. The people with the same or similar claims are called Class Members. In class actions, one court resolves the issues for all Class Members, except for those who decide to exclude themselves from the Class, as explained in paragraph 12 below.

| **4.** | **Why is there a settlement?** |

The Court did not decide in favor of the Plaintiffs or the Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, after extensive and vigorously contested negotiations, both sides agreed to settle the case. That way, the parties avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

| **5.** | **How do I know if I am part of the settlement?** |

Unless you elect to exclude yourself, you are automatically covered by this settlement if you worked as a Store Manager, Teller, Cashier, Service Associate, Customer Service Representative, or Assistant Manager for Defendants at any time between February 9, 2012 and July 31, 2019. The Defendants' records reflect that you are such an individual.

| **6.** | **I am still not sure if I am included.** |

If you are not sure whether you are included, you can contact Class Counsel, Lee Litigation Group, PLLC, at (212) 465-1180 or visit their offices located at 148 West 24th Street, New York, New York 10011.

| **7.** | **What does the settlement agreement provide?** |

Defendants have agreed to create a total settlement fund of $1,200,000. The fund shall be used to make settlement payments to Class Members who do not exclude themselves, three service payments – one to each of the three Plaintiffs – in recognition of the services they provided to the members of the Class, Class Counsel's attorneys' fees and costs, and the cost of administering the settlement.

For all employees covered by the settlement (refer to the full list of job positions in paragraph 5 above), the amount to be paid to each Class Member is based on the number of weeks worked by each Class Member during the period from February 9, 2012 to July 31, 2019.

The settlement agreement further provides that, in exchange for receiving a settlement payment, the Plaintiffs and the Class Members who do not exclude themselves agree to dismiss this lawsuit and release all wage and hour claims against Defendants under New York Labor Law. With respect to claims under federal law, you are releasing all of your wage and hour claims against Defendants that could have been asserted, for the period February 9, 2015 to July 31, 2019 by depositing your settlement check.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

| 8. | How much will my payment be? |

**Based on the formula in the settlement agreement, you are entitled to receive approximately $_____ per week worked, less applicable tax withholdings.**

## HOW YOU GET A PAYMENT

| 9. | How can I get my settlement payment? |

You do not need to do anything to receive your settlement payment at this time. After the Court grants final approval of the settlement, you will be mailed a settlement payment. If you choose to exclude yourself (as explained in paragraph 12 below), you will not receive any settlement payment.

| 10. | When will I get my settlement payment? |

The Court will hold a fairness hearing on [INSERT DATE] at [INSERT TIME] to decide whether to approve the settlement. Once the settlement agreement has been approved, upon the final adjudication of any appeals, and once the settlement has been fully funded by Pay-O-Matic, the payment will be mailed by the administrator.

| 11. | What am I giving up by staying in the class? |

Unless you exclude yourself (as explained in paragraph 12 below), you will remain a Class Member. That means that you cannot sue, continue to sue, or be a party in any other lawsuit against the Defendants for any alleged wage and hour claims through the date the Court grants Final Approval of the settlement agreement. It also means that all of the Court's orders will apply to you and legally bind you.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you want to keep the right to sue or continue to sue the Defendants on your own about the legal issues in this case, then you must exclude yourself from class. The process of excluding yourself is also sometimes referred to as "opting out" of the class.

| 12. | How do I opt out of the settlement? |

To exclude yourself from the settlement, you must send a letter by First Class U.S. mail stating, "I opt out of the Pay-O-Matic wage and hour settlement." You must also include your name, address, telephone number, and your signature. Your exclusion request must be received no later than [INSERT DATE 60 DAYS FROM DATE OF MAILING, or "BAR DATE"] and must be mailed to:

*Pay-O-Matic* Settlement Administrator
c/o Rust Consulting, Inc.
P.O. Box 54
Minneapolis, MN 55440-0054

If you ask to be excluded from the settlement, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to individually sue (or continue to sue) the Defendants in the future.

**By failing to opt-out of this lawsuit, you will automatically be part of the class settlement for the New York State law claims. By endorsing and depositing a settlement check, you will automatically be part of the collective class settlement for the federal law claims.**

## THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in this case? |
|---|

The Court has decided that the lawyers at the law firm of Lee Litigation Group, PLLC are qualified to represent you and all of the other Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit.

| 14. How will Class Counsel be paid? |
|---|

Class Counsel will ask the Court to approve payment of up to $400,000 (1/3 of the $1,200,000 settlement fund established by the Defendants) for their attorneys' fees. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve reimbursement for their out of pocket costs up to $15,000. In addition, Class Counsel will ask the Court to approve payments to Class Representatives David Buchanan, Eva Figueroa, and Javon Jones of an amount that will not exceed $40,000 in total for their service to the Class. Also, the Court will be asked to allow payment from the settlement fund of up to $75,000 to the Settlement Administrator to cover the costs of administering the settlement. The Court may award less than these requested amounts to Class Counsel, and/or to the Class Representative.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 15. How do I tell the Court that I object to the settlement? |
|---|

If you do not opt out, you can object to the settlement agreement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter via U.S. Mail stating that you object to the settlement agreement in *Buchanan v. Pay-O-Matic Check Cashing Corp., et al.* and stating the reasons why you object. Be sure to include your name, address, telephone number, and signature. Any objections must be received by [INSERT DATE 60 DAYS FROM DATE OF MAILING, or "BAR DATE"], and mailed to:

Pay-O-Matic Settlement Administrator
c/o Rust Consulting, Inc.
P.O. Box 54
Minneapolis, MN 55440-0054

| 16. | What is the difference between objecting to the settlement and excluding myself from it? |

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you do not exclude yourself from the class. Excluding yourself is telling the Court that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend, but you do not have to. If you remain in the class and wish to bring anything to the Court's attention about the settlement, you should provide it in writing to the Claims Administrator according to paragraph 15 above, who will provide your letter to the Court before the fairness hearing.

| 17. | When and where will the Court decide whether to approve the settlement agreement? |

The Court will hold a fairness hearing at _____ on _____ at the United States District Court for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11207, in Courtroom ___ before United States District Judge Frederic Block.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

| 18. | Do I have to come to the fairness hearing? |

No, even if you filed an objection. Class Counsel will represent you at the hearing. Of course, you are welcome to attend (at your own expense) if you so desire. The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing. You may also pay your own lawyer to attend the fairness hearing, but it is not necessary.

| 19. | May I speak at the fairness hearing? |

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter stating, "Notice of Intention to Appear in *Buchanan v. Pay-O-Matic Check Cashing Corp., et al.*" Be sure to include your name, address, telephone number, and signature. Your Notice of

Intention to Appear must be postmarked no later than [INSERT DATE 60 DAYS FROM DATE OF MAILING], and mailed to:

*Pay-O-Matic* Settlement Administrator
c/o Rust Consulting, Inc.
P.O. Box 54
Minneapolis, MN 55440-0054

Again, you cannot speak at the hearing if you exclude yourself from the settlement agreement.

**GETTING MORE INFORMATION**

**20. What if I have questions about the settlement?**

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting Class Counsel at the address and/or telephone number below.

Lee Litigation Group, PLLC
C.K. Lee, Esq.
148 West 24th Street, 8th Floor
New York, New York 10011
Telephone: (212) 465-1180


Dated: _____, 2020

BUCHANAN V. PAY-O-MATIC CHECK CASHING CORP., ET AL. Case No.: 18-cv-00885
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**CLASS MEMBER ADDRESS UPDATE FORM**

We need to be sure we can contact you. If your address is different than the address to which the Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Notice") was mailed or is expected to change prior to the mailing of the settlement payment as described in the Notice, please complete this form and send it to the Claims Administrator at the address at the bottom of this form.

CLAIMANT INFORMATION
_____
(First, Middle, Last Name)
_____
(Street Address)
_____
(City) (State) (Zip Code)

_____        _____
(Telephone Number)                     (Social Security Number or TIN number)

ALTERNATE CONTACT INFORMATION OF A FAMILY MEMBER OR FRIEND
(IN CASE WE CANNOT REACH YOU):

NAME: _____ RELATIONSHIP: _____

ADDRESS: _____

CITY: _____

STATE: _____ ZIP: _____

*Pay-O-Matic* Settlement Administrator
c/o Rust Consulting, Inc.
P.O. Box 54
Minneapolis, MN 55440-0054

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DAVID BUCHANAN, EVA FIGUEROA,
and JAVON JONES,
*on behalf of themselves and
others similarly situated*,

                    **Plaintiffs,**

Case No. 18-cv-00885

                    **-against-**

PAY-O-MATIC CHECK CASHING CORP.
and THE PAY-O-MATIC CORP.,

                    **Defendants.**

---

# OPT OUT FORM

**I DO NOT WANT TO JOIN THE LAWSUIT** pending in the United States District Court for the Eastern District of New York, Case No. 18-cv-00885, that asserts claims under the New York Labor Law.

Date: _____　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Print Name