Representing Management Exclusively in Workplace Law and Related Litigation

# jackson|lewis.

| | | | |
|---|---|---|---|
| **Jackson Lewis P.C.** | ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
| **44 South Broadway** | ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| **14th Floor** | ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| **White Plains NY  10601** | AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| **Tel 914 872-8060** | BALTIMORE, MD | HONOLULU, HI | NEW YORK, NY | SALT LAKE CITY, UT |
| **Fax 914 946-1216** | BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| **www.jacksonlewis.com** | BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| | BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| | CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SILICON VALLEY, CA |
| | CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | ST. LOUIS, MO |
| | CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | TAMPA, FL |
| | CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | WASHINGTON DC REGION |
| | DALLAS, TX | MADISON, WI | PORTLAND, OR | WHITE PLAINS, NY |
| | DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | |
| | DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

June 5, 2020

***VIA ECF***
Honorable Steven M. Gold
U.S. Magistrate Judge
United States District Court
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   Buchanan et al. v. Pay-O-Matic Check Cashing
>        Corp., et al., Case No. 18-CV-00885(FB)(SMG)

Dear Magistrate Judge Gold:

As the Court is aware, on May 14, 2020, counsel for Plaintiffs Buchanan, Figueroa and Jones ("Plaintiffs") filed a Motion seeking Preliminary Approval of Class Settlement, with a copy of the parties' proposed class settlement.  (Doc. No. 113, Ex. 1.)  The motion for preliminary approval was referred to Your Honor for review and recommendation.  During a status conference on May 15, 2020, a briefing schedule was set for intervenor's anticipated objection, Plaintiffs' response, and intervenor's reply; with the motion presently scheduled to be submitted by July 20, 2020.  Following preliminary approval, a final approval hearing will be scheduled not sooner than 90 days thereafter.  Pursuant to the proposed settlement, within 30 days after preliminary approval the claims administrator will provide settlement notice to the class, with 60 days to elect to opt-out or to object to the settlement.

By this letter, Plaintiffs and Defendants respectfully request that the motion for preliminary approval be deemed re-filed as of this date, solely for purposes of serving notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715(b), within 10 days after the

Hon. Steven M. Gold
United States District Court
June 5, 2020
Page 2

request for preliminary approval is lodged.[1]   Plaintiffs and Defendants do not request any corresponding adjustment to the current briefing schedule, but consent to one to conform the dates to this re-filing if the Court deems necessary and appropriate.

Given that a final approval order is not possible before October 19, 2020 (90 days after July 20, 2020) at the absolute earliest, Defendants and Plaintiffs jointly respectfully request that the Court grant this request to deem the motion re-submitted.  Counsel for intervenor objects to the request.

Thank you for your attention this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

Jonathan M. Kozak

cc:     Counsel of Record (via ECF)

4823-3554-5279, v. 1

---

[1]     We make this request in an abundance of caution, as Courts have generally construed CAFA's ten-day notice requirement practically, rather than strictly, provided notice is mailed more than 90 days prior to the final approval hearing.  See D.S. v. New York City Dep't of Educ., 255 F.R.D. 59, 80 (E.D.N.Y. 2008) (recognizing the substance of CAFA requirements satisfied by sufficient notice to federal and state officials even where provided more than 10 days after filing of proposed settlement); Adoma v. Univ. of Phoenix, Inc., 913 F. Supp. 2d 964, 972-74, 985 (E.D. Cal. 2012) (observing that the defendants did not comply with 28 U.S.C. § 1715(b), but complied with 28 U.S.C. § 1715(d) and finding the defendants served proper notice under CAFA and approving the settlement); In re Processed Egg Products Antitrust Litigation, 284 F.R.D. 278, 287 n.10 (E.D.Pa. 2012) (granting final approval of the class action settlement after order of approval held in abeyance until the expiration of the 90-day notice period, and holding that "although the notice requirements under CAFA have not been fully met on a technical basis, the substance of the requirements have been satisfied insofar as giving federal and state officials sufficient notice and opportunity to be heard concerning the [settlement].")