# Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:    212-661-1008
                    anne@leelitigation.com

June 12, 2020

**Via ECF**
The Honorable Steven M. Gold, U.S.M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Buchanan, et al. v. Pay-O-Matic Check Cashing Corp., et al.*
     Case No. 18 CV 885 (FB) (SMG)

Dear Judge Gold:

  We are counsel to Plaintiffs and write to oppose Intervenor's letter at Dkt. 122, requesting "to contact putative class and/or collective members for purposes of investigating the fairness of the proposed settlement", an issue that has already been decided by Judge Block on March 25, 2020 when he stayed the mailing of conditional collective certification notice and permitted Plaintiff Buchanan to file for preliminary approval of the class settlement covering both sub-classes of employees, which would be represented by Lee Litigation Group, PLLC (See Dkt. 107, Memorandum and Order). Intervenor's counsel is now attempting to take advantage of Judge Block's referral of the preliminary approval motion to Your Honor as an opportunity to relitigate this already adjudicated issue. Their letter is nothing more than an untimely motion for reconsideration of Judge Block's March 25, 2020 Memorandum and Order, made more than two (2) months too late, to the wrong Judge. For this and the reasons set forth below, the Intervenor's request should be denied.

  1. Judge Block's Memorandum and Order

  Intervenor's counsel has attempted to raise the "conflict" issue once again, arguing Lee Litigation Group, PLLC ("LLG") should not be representing both subclasses in connection with the settlement. However, the issue of LLG's representation has already been endorsed and approved by Judge Block. The March 25, 2020 Memorandum and Order states, in pertinent part:

> "On July 10, 2019, both LLG and Jackson Lewis filed letter motions to stay class notice mailings *sine die* to provide time for the parties to reach a class settlement. On July 11, 2019, the Ottinger Firm responded, arguing that LLG cannot negotiate a settlement on behalf of all plaintiffs as the Ottinger Firm represents a sub-class of plaintiffs.
>
> **The Court clarifies the minute entry as follows: (1) LLG will represent all prospective class members before notice is sent;** and (2) if settlement negotiations fail and class notice is sent, the opted-in customer service representatives will be represented by the Ottinger Firm and the opted-in managers will be represented by LLG. **Since notice has yet**

**to be distributed, LLG may continue to negotiate a settlement on behalf of all plaintiffs.**" See Dkt. 107

As to Intervenor's allegation that "subsequently, without The Ottinger Firm's knowledge or consent, LLG violated the Court's May 24, 2019 minute entry and reached a global settlement in principle for both sub-classes of managers and CSRs", such claim is patently false and contrary to the record. As detailed in the undersigned's letter to Judge Block dated July 10, 2019 (Dkt. 91), LLG had invited the Ottinger Firm to join in the contemplated class settlement discussions. Because the Ottinger Firm never reviewed any discovery, we had invited them to our office to review documents in a data room that had been set up so that they could participate in settlement discussions. Also, since no agreement had yet been signed, we would have welcomed any input they may have to the settlement discussions. Instead, the Ottinger Firm refused to participate, stating without any substantive basis that they wanted to send collective mailings out immediately and continue litigation separately on behalf of the CSR individuals. We had invited the Ottinger Firm to join and participate in the negotiations of the class settlement. We also suggested that they could participate in negotiations of the settlement documents and motion papers for fairness. We also informed them that we would not object to them submitting a fee application and that both firms would separately apply for fees to be determined by the Court. Again, they declined and instead, threatened both LLG and Defendants with misconduct for maintaining class settlement discussions. Given this, and as the settlement would be validated as fair by the third-party mediator, Carol Wittenberg of JAMS, any allegations of misconduct by the Ottinger Firm are meritless.

Moreover, there can be no "violation" of the Court's minute entry as Judge Block himself endorsed LLG's representation of both subclasses by the aforementioned Memorandum and Order.

Finally, as to Intervenor's argument that they should be entitled to contact putative collective and class members, Judge Block could not have been more clear. He stayed any notice to be issued to prospective class members in order for the parties to file the class settlement for approval. The March 25, 2020 Memorandum and Order states, in pertinent part:

> "**Further, considering the extensive progress made towards settlement, a stay of class action notice is proper**. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants")." See Dkt. 107.

If Judge Block believed the Ottinger Firm should have the opportunity to contact collective and class members, he would have denied the stay and ordered notice to issue.

2. The Intervenor's Objection is Premature

Assuming *arguendo* that the non-party Intervenor has standing to object to the settlement (which Plaintiffs will argue in response to any opposition brief filed by Defendants that she does not), her attempted objection at this preliminary approval stage is both premature and improper as a matter of law. It is well-settled that such objections cannot be raised until the notice and fairness hearing stage of the settlement approval process. *See, e.g., Yim v. Carey Limousine NY, Inc.*, 2016 WL 1389598, at *5 (E.D.N.Y. Apr. 7, 2016) (Kuntz, J.) ("Plaintiff Yim's disapproval…is not an

impediment to preliminary approval, however, because the proper time for the Court to consider objections to a settlement is at the final approval hearing"); *In re Penthouse Exec. Club Compensation Litig.*, 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30, 2013) (Wood, J.) (granting preliminary settlement approval despite named plaintiffs' objections because "a plaintiff's dissatisfaction with certain settlement terms is not a bar to preliminary approval" and the "proper time for the Court to consider" those objections "is at the final approval hearing"); the Court in *Yim* further noting "[m]oreover, Plaintiff Yim has the right to opt out of the settlement and pursue his claim individually after the Court grants preliminary approval. See *Davis* at 601, 606 (stating that at the preliminary approval stage that "any class members who do not want to be bound by the settlement will be given an opportunity to opt out and pursue their own claims separately").

If the Court were to deny preliminary approval on the basis of the Intervenor's premature and baseless objection, it will not only set a bad precedent but is contrary to public policy. Such a decision will allow any firm to intervene in and oppose a settlement, arguing the settlement amount is "too low," even though the settlement would benefit the class (this is essentially what the Intervenor is attempting to prove with its fishing expedition). There are firms that already specialize in such activity, ingratiating themselves in cases and attempting to derail settlements with one goal in mind, large attorneys' fees. The undersigned has had experience with a California law firm that did just that in one of our cases, whom we later discovered had engaged in similar activity in several other cases.

If the Intervenor succeeds in this business model of hijacking a case, destroying a settlement and expecting a payoff, the only people that will benefit from the years of litigation to follow if the settlement is not approved is Intervenor's counsel, the Ottinger Firm, not the class. The class would contrastingly benefit, not from drawn out litigation, but from expedient settlement. The speed of a settlement is especially important in a class case as class members' addresses may change or get stale as time goes on, often times with class members moving, with no forwarding address information or ability to skip trace. Moreover, considering the COVID-19 pandemic and resulting employment and financial crisis, providing tangible economic relief to class members is more important than ever. A speedy settlement allows the most possible class members to be notified and participate in a settlement and to reap the rewards by receiving their settlement checks. Those that are not interested in receiving their respective settlement payment or believe they would have more success litigating their own case against Defendants, may simply opt-out or object pursuant to the proper procedures set forth in a Court-approved Notice, provided the Court grants preliminary approval.

The Court has already set forth a briefing schedule for Intervenor's opposition and has been more than accommodating to allow Intervenor the opportunity to argue against settlement approval now, whereas in actuality they should file a formal objection only after the settlement is preliminarily approved. It is unfair to go one step further and provide the Intervenor with preferential treatment in objecting to the settlement (by permitting them to contact prospective class members), as all other putative class members will be required to follow the proper procedures regarding lodging any objections post-Notice, and will not be entitled to contacting their fellow class and collective members to conduct their own respective investigations.

In view of the foregoing, Plaintiffs respectfully request the Court deny Intervenor's request in its entirety.

We thank the Court for its kind consideration.

Respectfully submitted,

*/s/ Anne Seelig*
Anne Seelig, Esq.

cc: All counsel via ECF