

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HONOLULU, HI* | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

June 15, 2020

**VIA ECF**
Honorable Steven M. Gold
U.S. Magistrate Judge
United States District Court
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:     Buchanan et al. v. Pay-O-Matic Check Cashing
                      Corp., et al., Case No. 18-CV-00885(FB)(SMG)

Dear Magistrate Judge Gold:

      We represent Defendants in the above-referenced matter. This letter is respectfully submitted in opposition to Intervenor's counsel's June 9, 2020 letter to Your Honor (Doc. No. 122) in which Intervenor's counsel seeks leave to contact Class Members. Intervenor's counsel's letter is a thinly veiled attempt to relitigate before Your Honor counsel's status with respect to a subset of the class that Judge Block already decided by his Memorandum and Order on March 25, 2020 ("the March 25 Order") (Doc. No. 107). Presuming Intervenor even has standing as a potential objector to the class settlement in the event preliminary approval is granted, Intervenor's counsel is not entitled to solicit opposition to the proposed settlement in this manner. Intervenor's counsel should be prohibited from contacting putative Class Members, particularly where counsel will do so utilizing confidential personnel documents produced for settlement purposes to Plaintiffs' counsel, and to Intervenor's counsel per Your Honor's ruling during the May 15, 2020 conference.

      Intervenor's counsel's position in his letter regarding counsel's status with respect to the putative class is an impermissible re-argument of the issues presented to and decided by Judge Block in the March 25 Order. The March 25 Order followed the parties respective submissions (Doc. Nos. 91, 92, 95[1], 96, 98, and 99) wherein Plaintiffs and Defendants sought clarification from Judge Block regarding the respective status of Plaintiffs' counsel and

---

[1]     Doc. No. 95 was subsequently sealed following Defendants' motion for same (Doc. No. 97), because Intervenor's counsel referenced and attached confidential, nonpublic settlement information. (Electronic Order, March 3, 2020.)

Intervenor's counsel to enable a potential class settlement to be obtained, which Intervenor's counsel opposed.

Moreover, Intervenor's counsel does not even address the basis for his unorthodox request, except in the final page of its letter, where he posits the faulty argument that the putative Class Members are currently unrepresented. Based on this contrived assertion, Intervenor's counsel seeks to override Judge Block's March 25 Order on this issue, and defiantly asserts that it plans to move forward to contact putative Class Members, and its letter to Your Honor was just a mere courtesy. Intervenor's counsel's position is directly at odds with the March 25 Order wherein Judge Block specifically ruled that "LLG will represent all prospective class members *before notice is sent out*." (Emphasis added.) Unsurprisingly, Intervenor's counsel attempts to advance its strained position by only citing the first portion of Judge Block's ruling and omitting the second portion wherein Judge Block specifically stated that Plaintiffs' counsel currently represents the entire putative class. Judge Block issued the March 25 Order *after* Intervenor, Plaintiffs, and Defendants had fully -briefed the issue of whether Plaintiffs and Defendants may appropriately pursue and reach a class settlement. Rather than request reconsideration of Judge Block's March 25 Order, Intervenor's counsel has sat on his hands and is hoping for a more favorable outcome by raising the issue again before Your Honor.

Intervenor's counsel's attempt at a second bite at the apple should not be countenanced. By contacting Class Members represented by Plaintiffs' counsel for settlement purposes, Intervenor's counsel would be in clear violation of N.Y. Rules Prof. Conduct 4.2(a) ("In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law."). Intervenor's counsel's request constitutes a request to conduct a fishing expedition in their search for evidence in support of an opposition to Plaintiffs' preliminary approval motion, presumably so that they may divide the class and pursue their piece of the settlement. That is not a valid basis to allow contact with represented individuals. See Jackson v. Bloomberg, L.P., 2015 U.S. Dist. LEXIS 52581 (S.D.N.Y. Apr. 22, 2015) ("Rule 4.2 does not permit a court order authorizing [contact with represented class members] for the sake of [the defendant's] desire for convenience and confidentiality in the preparation of its defense in this action").

There is no basis for Intervenor's counsel to continue to pursue discovery in this matter. Intervenor's counsel represents only Intervenor. Intervenor's counsel's efforts to engage in a fishing expedition of "investigation" into the possible claims of Class Members to be represented by Plaintiffs' counsel can only be for the impermissible reason of delaying the Court's consideration of preliminary and ultimately final approval of the parties' class settlement. If Intervenor's counsel believed that claims of "off the clock" work could only be proven through witness testimony, he should have raised the issue before Your Honor during the parties' May 15, 2020 status conference. During that status conference, Your Honor directed Plaintiffs to produce certain specific pre-mediation discovery to Intervenor's counsel so that Intervenor could evaluate the proposed class settlement agreement. Intervenor's counsel knew at that time that the

**jackson|lewis**

Honorable Steven M. Gold
United States District Court
Eastern District of New York
June 15, 2020
Page 3

production consisted of time, pay and personnel records. Intervenor's counsel's request at this time to probe individual experiences and issues is a dilatory tactic harmful to the putative Class Members to delay the full submission of the motion for preliminary approval so they can mine for some basis to oppose an otherwise fair proposed class resolution.

Intervenor's counsel asserts that the voluminous document production relating to hundreds of putative Class Members did not provide Intervenor's counsel with meaningful evidence to support opposition to the proposed class settlement agreement. That Intervenor's counsel did not find a basis for objecting to the proposed settlement agreement in the extensive discovery made available to Intervenor should not now permit Intervenor's counsel to use confidential personnel information (contained within the pre-mediation production), produced exclusively for settlement purposes subject to strict confidential limited use restrictions), to cold call putative Class Members who are represented by Plaintiffs' counsel to seek support for nonexistent objections to the class settlement. Intervenor's counsel had the opportunity over a year ago to review meaningful and substantial discovery but declined to do so. Nonetheless, pursuant to Your Honor's May 15, 2020 ruling, Intervenor's counsel was provided another opportunity to review these documents. If Intervenor's counsel cannot find within this trove of discovery any basis for objecting to the proposed class settlement, it should not get yet another opportunity to delay the preliminary approval process through inappropriate demands to contact directly putative Class Members in order to create objections. Intervenor's counsel will have an opportunity to address any issues with the proposed class settlement agreement in the event they submit an opposition to Plaintiffs' preliminary approval motion.

Additionally, Intervenor counsel's request further completely disregards the wholesale confusion that would ensue among putative Class Members who have not received to date any form of notice regarding this action. If Intervenor's counsel were permitted to contact these individuals to solicit their views about Plaintiffs' claims and the proposed settlement, it would mean that the putative Class Members would be hearing for the first time about this action, the claims that the Named Plaintiffs have asserted on their behalf, and Intervenor's unique point of view. This would result in distortion of the notice process and inevitable confusion to the Class Members and prejudice to Defendants and Plaintiffs.

For these reasons, Defendants respectfully request Your Honor deny Intervenor's counsel's request to contact putative Class Members. Thank you for your attention this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

Jonathan M. Kozak

cc: Counsel of Record (via ECF)