

Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis P.C. | ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
|---|---|---|---|---|
| 44 South Broadway | ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| 14th Floor | ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| White Plains NY 10601 | AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| Tel 914 872-8060 | BALTIMORE, MD | HONOLULU, HI | NEW YORK, NY | SALT LAKE CITY, UT |
| Fax 914 946-1216 | BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| www.jacksonlewis.com | BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| | BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| | CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| | CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| | CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| | CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| | DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON DC REGION |
| | DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| | DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

June 26, 2020

**<u>VIA ECF</u>**
Honorable Steven M. Gold
U.S. Magistrate Judge
United States District Court
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                  Re:       Buchanan et al. v. Pay-O-Matic Check
                              Cashing Corp., et al.,
                              <u>Case No. 18-CV-00885(FB)(SMG)</u>

Dear Magistrate Judge Gold:

        We represent Defendants in the above-referenced matter. This letter is submitted in response to Intervenor's counsel's letter dated June 25, 2020 (Doc. No. 126) requesting a conference concerning Intervenor's counsel's request to interview putative class members. Defendants respectfully submit Intervenor's counsel's request should be denied, Intervenor's counsel should not be permitted to solicit objections to the class settlement under the guise of "investigating" the claims being settled, and Intervenor's counsel should receive no further extension to submit an opposition to the preliminary approval motion. Intervenor's counsel did not seek to confer regarding the request for a conference.

        As explained in Defendants' letter to Your Honor dated June 15, 2020 (Doc. No. 125), Intervenor's counsel's request is improper for a number of reasons. Additionally, the purported basis for the request is disingenuous. Intervenor's counsel claimed to require additional time to prepare an opposition to the preliminary certification motion due to the one-week delay in the receipt of voluminous pre-mediation discovery received via Plaintiffs' counsel. (Doc. No. 124). Yet Intervenor's counsel also has stated the pre-mediation discovery contains no information relating to the claims, because the off-the-clock claim is not apparent from the company's records. (Doc. No. 122). Therefore, Intervenor's counsel now seeks permission to interview class members before he can oppose the preliminary approval motion, contrary to Intervenor's prior position regarding the nature of the materials sought.

There is no evidence of off-the-clock work in the company's records, because there was no off-the-clock work. Regardless of Plaintiffs' or Intervenor's likely disagreement with that fact, Defendants and Plaintiffs have reached an agreement compromising the claim and defenses on the issue, as explained in the preliminary approval motion. Intervenor's counsel's should not be allowed to engage in a dilatory fishing expedition in his search for some basis to oppose preliminary settlement approval and to disrupt an otherwise orderly process for notifying the class under the guise of belatedly stating a need to now "investigate" his client's claims. Intervenor's counsel filed Intervenor's complaint alleging, *inter alia*, off-the-clock work in November 2018. Intervenor was joined in this matter in May 2019, was aware of settlement discussions in and prior to July 2019, and since March 25, 2020 has been aware of Judge Block's view that Plaintiffs' counsel would represent the class for the purposes of a possible settlement, now reached. The time for Intervenor's investigation of her claims of alleged off-the-clock work has long passed, and that investigation has no bearing on the merits of Plaintiffs' and Defendants' application for preliminary approval, which will stand or fall on its own merits based on the standard attaching to such application. Judge Block's March 25, 2020 Memorandum and Order clarifies Plaintiffs' counsel's status. Intervenor's counsel represents only Intervenor. Intervenor's counsel has no other role in this case at this point.

Your Honor will be considering and making a recommendation regarding the preliminary approval motion. Whether and on what basis Intervenor's counsel may oppose the motion should proceed on the timeline previously approved. Assuming preliminary approval is recommended and ordered, Court-approved notice will be provided to the class. Class members will have an opportunity to evaluate the notice and determine for themselves whether to exercise their right to exclude themselves or to object. Intervenor's counsel's improperly timed, improperly motivated and highly irregular proposed "interview" of class members, who are already represented by Plaintiffs' counsel, would do nothing but confuse class members, who as of this moment have not received notice of the instant action and the underlying claims made on their behalf by the named Plaintiffs. Plaintiffs' counsel, on behalf of the class, has determined that the settlement provides meaningful value to the class fully considering the claims, defenses, and business circumstances. The Court will review that. Intervenor's counsel should not be permitted to supplant the proper course of the settlement process and throw into disarray proper notice to the class by contacting class members to solicit objections to the settlement about which class members have no knowledge. Upon preliminary approval, the Court should approve the communication to the class regarding the proposed settlement and their respective rights moving forward. At final approval, the Court can assess the class' response.

Finally, Intervenor's counsel's repeated requests to delay the preliminary approval process should be seen for what they are -- a transparent and improper attempt to gain for itself the opportunity to represent the class already represented by Plaintiffs' counsel, an issue conclusively decided by Judge Block in his March 25, 2020 Order.

For the foregoing reasons, Defendants oppose Intervenor's request for a conference and respectfully request that Intervenor's counsel's prior request to interview class members be denied.

Respectfully submitted,

JACKSON LEWIS P.C.

Jonathan M. Kozak

cc: Counsel of Record (via ECF)