**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID BUCHANAN, EVA FIGUEROA, and JAVON JONES, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiffs,<br><br>v.<br><br>PAY-O-MATIC CHECK CASHING CORP. and THE PAY-O-MATIC CORP.,<br>Defendants. | Case No.: 18-cv-885 |

**ORDER GRANTING (1) PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVES' SERVICE AWARDS; (3) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The Parties entered into a final settlement totaling $1,257,750. Originally, the Parties entered into a settlement of $1,200,000, to cover a class of 3,200 individuals, as memorialized in the Settlement Agreement and Release executed on April 24, 2020 (hereinafter "Settlement" or "Agreement") and Plaintiffs filed for preliminary approval of the settlement on May 14, 2020, which, for settlement purposes only, Defendants did not oppose. Thereafter, Defendants agreed to increase the settlement fund by $57,750, from $1,200,000 to $1,257,750, since the number of class members exceeded 3,200. Declaration of C.K. Lee in Support of Plaintiff's' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶ 13.

Following the Parties' submission of several supplements containing information requested by the Court, on February 24, 2021, this Court entered an Order preliminarily approving

the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing RUST Consulting as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). Docket No. 139.

On May 28, 2021, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only Defendants did not oppose. That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). The motions were unopposed, and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on June 15, 2021. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards, and the supporting declarations, the oral argument presented at the June 15, 2021 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the June 15, 2021 fairness hearing, and for good cause shown,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiffs David Buchanan, Eva Figueroa, and Javon Jones as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA), have been satisfied. On June 16, 2020, following the issuance of the Order of Magistrate Judge Steven M. Gold dated June 8, 2020, Defendants mailed CAFA notices to the appropriate federal and state officials. See 28 U.S.C. § 1715(b). The Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement is now appropriate. See 28 U.S.C. §1715(d).

8. The Court finds that the notice distributed to class and collective members (the "Class/Collective Notice") pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair,

reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

10. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117 (2d Cir. 2005).

11. The settlement is also substantively fair. All of the factors set forth in Grinnell, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. Grinnell, 495 F.2d at 463.

12. The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class

Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $400,000 for legal fees, net of costs and expenses, which is approximately one-third of the original $1,200,000 Settlement Fund which has since been increased to $1,257,750, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

15. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $3,583.00, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

16. The Court approves and finds reasonable the service awards for the class representatives David Buchanan, Eva Figueroa and Javon Jones in the amounts of $20,000, $10,000, and $10,000, respectively, in recognition of the services they rendered on behalf of the class. These amounts shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement and Release.

17. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $49,578.00, which shall be paid out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement and Release.

18. The Court hereby fully and finally dismisses this matter and Litigation in its

entirety and with prejudice. Neither party to this Litigation is or shall be considered a prevailing party.

19. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class or the Collective, individually or collectively, all such liability being expressly denied by Defendants.

20. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 15 day of June, 2021

/S/ Frederic Block
The Honorable Frederic Block
United States District Judge